WIGGINTON, Judge.
Ivey brings this appeal from the trial court’s order denying his petition for writ of mandamus. We affirm.
Ivey is presently serving a 60-year term for RICO offenses spanning a period of time from November 1977 through December 1981. He filed a petition for writ of mandamus challenging the Department of Corrections’ determination that he is ineligible for work and extra gain-time. As a basis for his challenge, Ivey relied on the decision in Raske v. Martinez, 876 F.2d 1496 (11th Cir.1989). The Department responded, arguing that the decision in Raske, and the more recent Florida Supreme Court decision in Waldrup v. Dugger, 562 So.2d 687 (Fla.1990), are inapplica *543 ble to Ivey’s situation, and that by virtue of language in Waldrup, the Department acted within its discretion to apply the 1983 version of the incentive gain-time statute to Ivey’s sentence. We agree with appellee’s position.
In Waldrup v. Dugger, the supreme court was presented the issue of whether the application of the 1983 amendment impacting Florida’s incentive gain-time statute was being applied retroactively to deprive Waldrup of an earlier release date from prison, in violation of the ex post facto clauses of the United States and Florida Constitutions.[1] Waldrup was serving a 15-year sentence for crimes he committed in 1980 and 1982. In its decision, the supreme court observed that prior to 1983, pursuant to the 1978 amendment to the gain-time statute, “state law gave the Florida Department of Corrections ... wider discretion in granting ‘incentive’ gain-time to prisoners.” 562 So.2d at 689. However, in 1983, the legislature substantially revised the gain-time statute and thereby limited DOC’s discretion by decreasing the maximum possible incentive gain-time award. (Simultaneously, the basic gain-time statute was amended to require a flat 10-day award every month, amounting to a one-day increase over the largest possible award available prior to 1983.)
Based on the revised computations under the amended statute, the court noted that the 1983 amendments would have the effect of increasing Waldrup’s actual incarceration by up to one and a half years. Consequently, because the amendment to the incentive gain-time statute clearly disadvantaged Waldrup, and other inmates similarly situated, the supreme court held that the Department “shall be barred from applying the 1983 reduction in incentive gain-time to inmates convicted of offenses occurring before the effective date of the 1983 act.” Id. at 692 (emphasis in original). Nonetheless, on motion for clarification, the Department pointed out that a considerable number of inmates had committed crimes predating the more liberal gain-time statute enacted on July 1, 1978. Thus, these inmates were entitled to gain-time awards considerably less than awards authorized by the statute in effect between 1978 and 1983. Moreover, the present statute “potentially offers more gain-time to inmates than the pre-1978 statute,” id. at 694; but the greatest amount of gain-time potentially available to inmates is found in the 1978-1983 window (commonly referred to as “Waldrup ” gain-time). Based on the foregoing, the Department requested the court to clarify the status of those inmates whose crimes predated the 1978 enactment. Ivey falls within that category of inmates.
As appellees here point out, Ivey is serving a term for continuing offenses which occurred between 1977 and 1981. The commission of those offenses overlapped or “straddled” the effective date established by the Raske and Waldrup decisions. That is, Raske and Waldrup created a “window” framed by the effective dates of the amended July 1978 and June 1983 statutes. In such a situation, it was revealed in the response to the petition for writ of mandamus that the Department considers the initial offense date as the date which must be considered for purposes of an award or forfeiture of gain-time. That is, the Department considers the earliest date of offense within a straddle offense in determining whether an inmate is entitled to relief under Waldrup.
In that respect, in clarifying for the Department its opinion in Waldrup, the supreme court observed that “the ex post facto clause is not offended if DOC applies later-enacted statutes that permit inmates potentially to receive more gain-time than was available at the time of their respective criminal offenses.” Id. Thus, the supreme court agreed with the Department
... that gain-time statutes do not create vested rights until gain-time actually is awarded, subject to all other applicable statutory conditions. Thus, inmates convicted of crimes prior to the 1978 amend *544 ment who have not actually received a valid award of gain-time have no vested right in the potential amount of gain-time available under either the 1978 and 1983 statutory amendments. They only have the ex post facto protections elaborated in the opinion above. Thus, subject to the requirements of the equal protection clause, DOC has discretion to apply the 1983 amendment to inmates convicted of crimes occurring prior to the 1978 amendments, even though the same statute could not be applied constitutionally to those whose crimes occurred between the 1978 and 1983 amendments.
Id. (emphasis in original).
Here, Ivey has not advanced the argument that he has been denied equal protection or that the Department has otherwise acted arbitrarily in applying the 1983 incentive gain-time statutes under these circumstances. He has not rebutted the Department’s representation that its policy in regard to these “straddle” offenses is to apply, across the board, the 1983 version of the gain-time statute. Since, as the supreme court pointed out in Waldrup, the 1983 version has the potential of offering more gain-time to Ivey than the pre-1978 statute, there is no ex post facto violation. Moreover, as further noted in appellees' brief, the Department’s utilizing the beginning date of Ivey’s “straddle” offense entitles Ivey to the benefit of elevated basic gain-time awards pursuant to Weaver v. Graham, 450 U.S. 24, 101 S.Ct. 960, 67 L.Ed.2d 17 (1981).
Based on the foregoing, because we conclude that the Department did not abuse its discretion or otherwise infringe on any constitutional right as alleged by Ivey in his petition for writ of mandamus, the order denying the petition is hereby
AFFIRMED.
SHIVERS and BARFIELD, JJ., concur.

. A similar issue was presented to the Eleventh Circuit in Raske, but because of the Florida Supreme Court’s decision in Waldrup, we need not further address Raske other than to acknowledge it generally.