313 So.2d 471 (1975)
Joseph Lee BIVINS, Appellant,
v.
STATE of Florida, Appellee.
No. 74-671.
District Court of Appeal of Florida, Fourth District.
June 6, 1975.
*472 James C. Dauksch, Jr., Orlando, for appellant.
Robert L. Shevin, Atty. Gen., Tallahassee, and Basil S. Diamond, Asst. Atty. Gen., West Palm Beach, for appellee.
WOODSON, J. WILLIAM, Associate Judge.
The appellant was tried before a jury on two counts, rape and false imprisonment. There was some disturbance by outburst of small children during trial after nine witnesses had testified and prosecutrix, who was over 16 years of age, was beginning her testimony. State moved to exclude all spectators. Court excluded all spectators except those authorized under F.S. 801.231.
The appellant maintains he was denied a public trial, in violation of the Florida Constitution and the Federal Constitution; we think not. If the trial court can exclude a portion of the public if the witness is under 16 years of age, it can exclude that same portion of the public if the witness is over 16 years of age. The age of the prosecutrix is not the determining factor in whether or not the trial is public. The Supreme Court of Florida stated in the decision of Robertson v. State, 64 Fla. 437, 60 So. 118 (1912)

"The word `public,' as used in the Constitution guaranteeing to all persons accused of crime a public trial, is there used in opposition to `secret'.' The constitutional requirement is fairly observed, if, without partiality or favoritism, a reasonable portion of the public is suffered to attend, notwithstanding that those persons whose presence would be of no service to the accused, and who would only be drawn thither by a prurient curiosity, are excluded altogether."
The appellant's Point II on appeal was that he offered no testimony in his own behalf except his own, and was denied concluding argument before the jury.
The procedure was announced in advance by the trial judge and the appellant having not objected to the procedure at the trial level waives that objection.
The appellant cites as his Point III on appeal, the judgment adjudicating appellant guilty of rape is invalid because there was no valid verdict of guilty of rape; we think not.
When the jury returned and the verdict forms were handed to the clerk, the clerk announced that the jury found the co-defendant guilty of rape and false imprisonment and the appellant guilty of false imprisonment. The jury was then polled as to their verdict and each announced in the affirmative that these were their verdicts. The court then announced that the appellant, Joseph Lee Bivins, was found guilty of Count I-rape and was adjudicated guilty of rape. The court announced that the appellant has been found guilty of Count II-false imprisonment and was adjudicated guilty of false imprisonment. The court then proceeded with his co-defendant as to his guilt on both charges.
The verdict slips were delivered in the presence of a jury, the court adjudicated the appellant guilty in the presence of the jury on both counts and there was no objection by any juror of the verdicts.
The appellant made no objection to the adjudication by the trial judge.
We think any departure from the procedural requirements was harmless error and was waived by the appellant by not making timely objections.
Affirmed.
OWEN, C.J., and CROSS, J., concur.