359 So.2d 569 (1978)
James Michael FEENEY, Appellant,
v.
STATE of Florida, Appellee.
No. II-73.
District Court of Appeal of Florida, First District.
June 9, 1978.
*570 David Cohen, Liberty, N.Y., for appellant.
Robert L. Shevin, Atty. Gen., and Wallace E. Allbritton, Asst. Atty. Gen., for appellee.
BOYER, Judge.
Arguing four points for reversal, appellant seeks review of a judgment of guilt and resulting sentences on two counts of robbery with the use of a firearm of which a jury found him guilty. We find only one point to merit this opinion, and that only because of its novelty. Only those facts which are relevant to our discussion here will be recited.
An armed robbery occurred in Alachua County, which resulted in the arrest of four men. One pled guilty to attempted robbery and testified against the others. Another was tried separately and acquitted. The trial of appellant Feeney and one Samuel Smith, who were tried together, ended in a hung jury and a resulting new trial. They were thereafter retried "in an experimental manner", the same trial judge conducting two separate trials simultaneously in the same courtroom but before two separate juries, one of which was removed when evidence was offered which was admissible only against the other defendant. The evidence relevant to both defendants was adduced only once in the presence of both juries. The Smith jury found him not guilty of either of the two charges for which he was tried but the Feeney jury found him guilty of both.
The state now urges that the appellant should not be heard to complain of the simultaneous trial procedure because of failure to state an objection on the record. The state's position in that regard is untenable in view of the following statement of the trial judge which does appear of record:
"Let me put on the record what I conveyed to counsel prior to the beginning of this trial. I discussed the proposed two jury procedure with both counsel, gave them opportunity to object to it. They put no objections on the record. It was certainly understood by myself, and I believe by counsel that it would be an assignable error and certainly let the record show the purposes of reserving the right to object to it that both the defendant Smith and the defendant Feeney reserve the right to raise an objection on appeal to the simultaneous trial of these cases before two juries as we are doing. Likewise, the state of Florida reserves the right and in the event of an appeal can cross-assign that as error."
Although neither party has cited us to any authority for the simultaneous trial procedure employed by the trial judge, neither does the record reflect prejudice. In his brief appellant concedes that "[t]he overwhelming majority of the State's evidence was admissible against both" defendants. The law is, and must be, dynamic and not static. Procedural law is no exception. Experience comes about as a result of experiment. A trial judge has very broad discretion in the procedural conduct of trials. In the absence of demonstrated prejudice we are loathe to disapprove the novel procedure employed sub judice.
The other points raised by appellant we find, too, to be without merit.
AFFIRMED.
McCORD, C.J. and MELVIN, J., concur.