GERSTEN, Judge.
This is an appeal from a sentence entered after the defendant, Vardon Alonso Had-ley, was convicted of burglary of a dwelling and petit theft. The offenses for which defendant was convicted occurred on May 29, 1987. We affirm the sentence appealed.
Defendant scored five and one-half to seven years on the sentencing guidelines scoresheet and was sentenced to seven years in prison. The calculations on the scoresheet took into account defendant’s prior juvenile record as provided for under the sentencing guidelines, rule 3.701(d)(5)(c), Florida Rules of Criminal Procedure. Defendant’s primary contentions are that the inclusion of the juvenile record in the sentencing procedure violates the separation of powers clause of article II, section 3 of the Florida Constitution and violates section 39.10(4), Florida Statutes (1987).
The Florida Supreme Court has conclusively addressed the question of whether the sentencing guidelines are an unconstitutional delegation of legislative power. The supreme court ruled in Smith v. State, 537 So.2d 982, 987 (Fla.1989), that while the initial promulgation of the sentencing guidelines, was violative of the separation of powers, that the Florida Legislature’s subsequent ratification of the guidelines, validated them. The Smith court expressly found that the sentencing guidelines became law, effective July 1,1984, by legislative adoption, in chapter 84-328, section 1, Laws of Florida. Smith v. State, 537 So.2d at 987. Defendant’s argument, therefore, that rule 3.701(d)(5)(c) of the sentencing guidelines, violates the separation of powers clause, is without support.
The defendant’s next contention is that the inclusion of the juvenile record in the sentencing guidelines, pursuant to rule 3.701(d)(5)(c), violates section 39.10(4), Florida Statutes. The sentencing guidelines provide for consideration of an offender’s prior record in sentencing. Prior record has been defined to include the offender’s juvenile record. Rule 3.701(d)(5)(c), defines juvenile record as:
All prior juvenile dispositions which are the equivalent of convictions as defined in section (d)(2), occurring within three (3) years of the commission of the primary offense and which would have been criminal if committed by an adult, shall be included in prior record.
Conviction is defined in (d)(2) as “a determination of guilt resulting from plea or trial, regardless of whether adjudication was withheld or whether imposition of sentence was suspended.”
Section 39.10(4), Florida Statutes, provides:
Except for use in a subsequent proceeding under this chapter, an adjudication by a court that a child has committed a delinquent act shall not be deemed a conviction; nor shall the child be deemed *771 to have been found guilty or to be a criminal by reason of that adjudication; nor shall that adjudication operate to impose upon the child any of the civil disabilities ordinarily imposed by or resulting from conviction or to disqualify or prejudice the child in any civil service application or appointment. However, an adjudication by the court that a juvenile has committed a delinquent act, including a violation of chapter 316 or chapter 322, shall constitute a “conviction” as that term is used in chapter 322.
Subsection 4 of section 39.10, Florida Statutes, was last amended in 1980. Ch. 80-290, § 10, Laws of Fla. The Florida Legislature adopted rule 3.701 in 1984. Ch. 84-328, § 1, Laws of Fla. Further, a revision to rule 3.701(d)(5)(c), was adopted by the legislature in 1986. Ch. 86-273, § 2, Laws of Fla. It is axiomatic that where statutory provisions cannot be reconciled that the latest expression of the legislature will be held to prevail. State v. Dunmann, 427 So.2d 166 (Fla.1983); Tribune Company v. School Board of Hillsborough County, 367 So.2d 627 (Fla.1979); Floyd v. Bentley, 496 So.2d 862 (Fla.2d DCA 1986), review denied, 504 So.2d 767 (Fla.1987).
Since the legislature last amended section 39.10(4), Florida Statutes, in 1980, adopted the guidelines in 1984, and subsequently revised rule 3.701(d)(5)(c) in 1986, it is clear the last expression of legislative will is that juvenile delinquency dispositions be included as part of an offender’s prior record for sentencing purposes. We find, therefore, rule 3.701(d)(5)(c), supersedes section 39.10(4), Florida Statutes, to the extent these provisions are in conflict.
Having considered defendant’s other contentions and found them to be without merit, we affirm the sentence appealed.