579 So.2d 861 (1991)
Paul SHOFNER, Reliant Group, Inc., William Maundrell-Seager and Euram International, Inc., Appellants,
v.
Ronald H. GILES and Sally M. Giles, His Wife, Appellees.
No. 90-0383.
District Court of Appeal of Florida, Fourth District.
May 22, 1991.
Rehearing Denied June 18, 1991.
Edward R. Fink, Ruf & Carsky, P.A., Fort Lauderdale, for appellants.
Barbara K. Sunshine, Fort Lauderdale, and Susan R. Healy, Boca Raton, for appellees.
PER CURIAM.
Appellants, defendants below, appeal from a final judgment entered against them after a jury found them liable for negligence and fraud arising from the sale of a wooden yacht to the appellees. We affirm except as to the issue of damages awarded in the final judgment, and reverse and remand for a new trial on that issue only.
The suit from which this appeal proceeds was originated by the Gileses after they purchased a 1963 wooden yacht, the Lady Jean, from Shofner and his corporation, Reliant Group, Inc. Prior to selling the yacht, Shofner had the wooden hull fiberglassed and had a survey prepared by appellant William Maundrell-Seager, who operated Euram International, Inc. Shofner recommended Maundrell-Seager to the Gileses, and they asked Maundrell-Seager *862 to conduct a survey for them, prior to securing financing for the yacht. Maundrell-Seager performed a financial survey for the Gileses while the yacht was in the water, referring to the earlier survey he had prepared for Shofner while the yacht was out of the water. Mr. Giles testified that he had requested a full marine survey from Maundrell-Seager, including a survey of the hull.
The Gileses purchased the yacht from Shofner in December of 1987 for $58,500.00, and at the end of December the yacht was run aground by the Giles' companion during an outing, and removed from a sandbar under its own power. Subsequently, the Gileses had a survey conducted of the yacht, and their expert testified that under the fiberglass, the hull of the yacht had areas of rot, which made it worth only a scrap value of $7,000.00.
The jury was instructed that the measure of damages was to be the difference between the purchase price of the yacht and the value of the yacht on the date of sale. The jury returned a verdict finding that the total amount of damages sustained by the Gileses was $36,000.00, and that the Gileses were fifty percent negligent. The verdict form instructed the jury not to subtract the Giles' negligence from the total amount of damages, as the court would make that adjustment. The trial court entered final judgment on this jury verdict, awarding the Gileses the full $36,000.00.
We note first that no court reporter was present at the trial, and the record on appeal lacks a transcript. Although the record does contain an agreed statement of the facts, several of the issues raised by appellants must be deemed to have been waived, as the record does not support a finding that necessary objections were made before the trial court.
First, review of any claimed inconsistencies in the verdict has been waived because of appellants' failure to object to alleged inconsistencies before the jury was discharged. Brown v. North Broward Hosp. Dist., 521 So.2d 143 (Fla. 4th DCA 1988); Lindquist v. Covert, 279 So.2d 44 (Fla. 4th DCA 1973). Second, appellants' argument regarding the sufficiency of the evidence to support the apportionment of fault between the four appellants, or to support the award of damages, has been waived due to the appellants' failure to make timely motions for a directed verdict during the trial. Country Manors Ass'n, Inc. v. Master Antenna Sys. Inc., 534 So.2d 1187 (Fla. 4th DCA 1988). No objection to the verdict form is apparent from the record, and therefore any alleged defect in the form has been waived. Robbins v. Graham, 404 So.2d 769 (Fla. 4th DCA 1981); Papcun v. Piggy Bag Discount Souvenirs, Food & Gas Corp., 472 So.2d 880 (Fla. 5th DCA 1985).
Lastly, two of appellants' points on appeal were not addressed by the lower court, and therefore we will not address them for the first time on appeal. These alleged errors include the trial court's failure to give a jury instruction on the notice provisions of section 627.2-607(3)(a), and the trial court's denial of appellants' motion to sanction the Gileses. The record does not contain any ruling by the trial court on the motion to sanction, nor is there record evidence that a hearing was held on this motion.
We do address appellants' seventh point on appeal. Comparison of the final judgment with the verdict form reveals that there is no reasonable basis for the final judgment entered by the lower court. The jury assessed total damages in the amount of $36,000.00. The verdict form clearly shows that the jury found two of the appellants liable for negligence, and all four appellants liable for fraud. The jury also determined that the Gileses were fifty percent comparatively negligent. The jury was instructed on the verdict form not to deduct for the Giles' negligence, as the court would make this adjustment. Yet, the final judgment awards the Gileses the full $36,000.00, apportioned between the appellants according to percentages of fault listed next to the fraud count. This inconsistency cannot stand.
We remand for a new trial on the issue of damages only. By way of further *863 explanation, we find that the jury's verdict, insofar as the jury found no breach of contract and no entitlement to punitive damages, will not be relitigated. We affirm the jury's finding that two of the appellants were liable under the negligence count and all four appellants were liable under the fraud count, as well as the jury's apportionment of fault on the fraud count. On retrial, the jury should determine the amount of damages attributable to the negligence count and the amount of damages attributable to the fraud count.
As regards the negligence count, if the jury awards any damages, it is proper to instruct the jury not to make any adjustment due to the comparative negligence of the plaintiff because the trial court will make this adjustment; however, the trial court must then reduce the damages as it has instructed the jury it would.
AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.
DOWNEY and POLEN, JJ., concur.
STONE, J., dissents without opinion.