PER CURIAM.
Jemel Watson was charged with attempted robbery with a firearm and first degree felony murder. Two juries simultaneously tried Watson and a co-defendant, Gregory Tomingo. Cases approving the use of multiple juries have commended the system for furthering judicial economy but have cautioned that a trial judge must take great care to insure that each jury hears evidence relevant only to its defendant. See Velez v. State, 596 So.2d 1197 (Fla. 3d DCA 1992); Feeney v. State, 359 So.2d 569 (Fla. 1st DCA 1978). Watson has appealed, contending that his jury heard testimony exculpating Tomin-go but inculpating him. We agree that it was error to allow Watson’s jury to remain in the courtroom during the taking of testimony in Tomingo’s case, but we must affirm because Watson’s attorney stood silent in the face of potential harm.
*526 After the state had presented its ease against Watson and the judge had denied Watson’s motion for judgment of acquittal, Tomingo presented the eyewitness testimony of an eight-year-old girl who identified Watson as the triggerman who shot the victim during a failed robbery attempt. The prosecution subsequently argued that evidence to the jury in his closing statement. All the while, Watson’s attorney, who had prior knowledge of the incriminating testimony, remained mute. The lack of specific objection constitutes a waiver of the issue on appeal. Watson now claims that, in spite of his trial counsel’s failure to object, fundamental error entitles him to relief. We decline to adopt that view, grounding our decision upon the following observations expressed by the Florida Supreme Court in State v. Smith, 240 So.2d 807, 810 (Fla.1970) (citing Gibson v. State, 194 So.2d 19, 20 (Fla. 2d DCA 1967)):
The Florida cases are extremely wary in permitting the fundamental error rule to be the ‘open sesame’ for consideration of alleged trial errors not properly preserved. Instances where the rule has been permitted by the appellate Courts to apply seem to be categorized into three classes of cases: (1) where an involved statute is alleged to be unconstitutional, (2) where the issue reaches down into the very legality of the trial itself to the extent that a verdict could not have been obtained without the assistance of the error alleged, and (3) where a serious question exists as to jurisdiction of the trial Court.
Although the evidence properly admitted against Watson was tenuous and the eyewitness testimony of the child was extremely prejudicial, we cannot conclude that such testimony rendered the trial itself illegal.
Although the decision of trial counsel to object or to move to suppress evidence is a matter of judgment or strategy, see Fisher v. State, 239 So.2d 863 (Fla. 3d DCA 1970), Watson, in a proceeding before the trial court, might be able to prove that his counsel was ineffective in. failing to request removal of Watson’s jury during Tomingo’s case.
Affirmed without prejudice to the appellant’s right to raise this issue in a motion pursuant to Rule 3.850, Florida Rules of Criminal Procedure.
FRANK, C.J., and SCHOONOVER and FULMER, JJ., concur.