659 So.2d 1202 (1995)
Timothy Anton TAYLOR, Appellant,
v.
The STATE of Florida, Appellee.
No. 94-1056.
District Court of Appeal of Florida, Third District.
August 23, 1995.
*1203 Bennett H. Brummer, Public Defender and Sheryl J. Lowenthal, Special Assistant Public Defender, for appellant.
Robert A. Butterworth, Attorney General and Cynthia A. Greenfield, Assistant Attorney General, for appellee.
Before SCHWARTZ, C.J., and NESBITT and COPE, JJ.

Corrected Opinion
PER CURIAM.
The previous opinion of this court filed May 24, 1995 is vacated and withdrawn and the corrected opinion is substituted therefor.
Timothy Anton Taylor appeals his conviction and sentence for second degree murder. We affirm.
Three men drove up alongside Taylor and his girlfriend as they walked home from school. When the driver allegedly flirted with the girlfriend, Taylor pulled out a gun and shot sixteen times into the fleeing vehicle, killing the driver. Taylor was convicted by a jury on one count of second degree murder of the driver of the car, two counts of attempted second degree murder of the two passengers, and one count of shooting into an occupied vehicle.
The defendant's second claim on appeal that the evidence was insufficient to overcome his self-defense theory is meritless. See State v. Law, 559 So.2d 187 (Fla. 1989) (state can overcome motion for judgment of acquittal by presenting competent evidence from which jury could infer guilt to the exclusion of all other inferences).
The first claim is that the trial court illegally sentenced the defendant to an upward departure sentence. The argument here focuses upon insufficiency of the evidence to support either the defendant's identity or to establish that he had a juvenile record.
In support of an upward departure sentence, the State submitted records showing that in August of 1991, Taylor previously pled guilty to carrying a concealed firearm and to unlawful possession of a firearm with an altered serial number, and was placed on probation. Later that same month, Taylor was adjudicated delinquent on charges of auto theft and placed on community control, to run concurrently with his probation. The following year, Taylor pled guilty to one count of carrying a concealed weapon and his probation was revoked. Taylor was sentenced to sixty days in jail. Approximately six months after his release from jail, Taylor committed the current crime.
The State produced a certified copy of Taylor's prior adult conviction for the unlawful firearm possession, as well as Taylor's criminal file containing arrest affidavits and jail release cards for additional juvenile offenses of grand theft auto, and carrying a concealed firearm. The defense objected to any reliance on the juvenile jail records, arguing they were hearsay. The trial court ultimately imposed an upward departure sentence of thirty years for the second degree murder count, basing the departure on Taylor's previous criminal record as evidence of an escalating pattern of criminal behavior. Taylor appeals this departure sentence.
A departure sentence is permissible where the defendant's prior record and the present criminal offense for which he is being sentenced indicate an escalating pattern of criminal conduct. Barfield v. State, 594 So.2d 259 (Fla. 1992); Williams v. State, 581 So.2d 144 (Fla. 1991). Prior juvenile adjudications can also form the basis for finding an escalating pattern of criminal conduct, Morgan v. State, 550 So.2d 151 (Fla. 3d DCA 1989), and although not considered criminal *1204 convictions,[1] can be included as part of the offender's prior record for sentencing purposes, Hadley v. State, 546 So.2d 769 (Fla. 3d DCA 1989).
The record in this case reveals that the state submitted sufficient corroborating proof of the defendant's juvenile offense history. The juvenile records contained fingerprints and photographs of the defendant. The fingerprints were confirmed as being Taylor's through the testimony of a fingerprint expert witness, establishing that the person described in the proffered arrest affidavits and jail release cards was the same individual as in this case. Along with Taylor's certified adult conviction, these underlying proofs together with the magnitude of the current offense were sufficient to support the trial judge's determination that Taylor's record, by a preponderance of the evidence, exhibited a pattern of increasingly serious criminal activity. See § 921.001(4)(a)6, (6), Fla. Stat. (1993); Velez v. State, 596 So.2d 1197, 1200 n. 3 (Fla. 3d DCA 1992) ("It is not the juvenile offenses themselves that justified departure, but the pattern of increasing violence that they formed."); Williams, 581 So.2d at 146; Morgan, 550 So.2d at 153. Furthermore, the sentencing judge may consider the manner and circumstances under which the crime was perpetrated as a basis for a departure sentence. Barnes v. State, 597 So.2d 931 (Fla. 3d DCA), review denied, 605 So.2d 1262 (Fla. 1992). The court's observation that the defendant continued to shoot into the fleeing vehicle sixteen times, killing one of three occupants, when weighed together with the defendant's previous record, was sufficient to justify a departure sentence, and the court did not abuse its discretion in so departing.
Pursuant to section 921.001(5), Florida Statutes (1993), if a departure sentence with written findings is imposed, such sentence must be within any relevant maximum sentence limitations provided in section 775.082. Here, Taylor's thirty year departure sentence for a first degree felony for second degree murder was within the maximum statutory sentence. § 775.082(3)(b), Fla. Stat. (1993); § 782.04(2), Fla. Stat. (1993).
Affirmed.
NOTES
[1] See section 39.053(4), Florida Statutes (1993), providing, among other things, that a juvenile adjudication for delinquent act or violation of law shall not be deemed a "conviction," nor shall the child be deemed to have been found guilty or to be a criminal by reason of that adjudication.