FARMER, Judge.
Defendant was charged with first degree murder in connection with the beating death of 38-year old man by a group of youths. The evidence showed, and the state so argues, that his participation in the crime was limited to a single blow to the head of the victim.[1] Another member of the gang repeatedly punched and kicked the victim when *596 he attempted to defend himself, and also hit him with a laundry cart. The victim died from a rupture to his liver, causing him to bleed to death.
In an open plea, defendant pleaded nolo contendere to manslaughter. The guidelines scoresheet stated a recommended sentence of 74.4 months, with a permitted range of 55.8 to 93 months. The trial judge departed with an enhanced sentence of 10 years, followed by 5 years probation. The judge stated his reason by checking a box on the sentencing form and adding the following:[2]
“□ Victim especially vulnerable due to age or physical or mental disability. Blow by defendant left victim particularly vulnerable to subsequent injuries suffered at his hand and hands of codefendants.”
The state argues that this departure is proper, citing Carter v. State, 550 So.2d 1130 (Fla. 3d DCA 1989), rev. denied, 553 So.2d 1164 (Fla.1989). Defendant argues that the stated reason is improper because it essentially inheres in the crime itself: i.e. it is little more than a holding that defendant’s single blow was effective to its purpose. We agree and reverse.
This statutory reason for an enhancement departure comes from section 921.0016(3)(j), Florida Statutes (1995), which provides:
“(3) Aggravating circumstances under which a departure from the sentencing guidelines is reasonably justified include ... (j) The victim was especially vulnerable due to age or physical or mental disability.”
This statutory text clearly covers vulnerability due to age, physical disability, and mental disability. There is nothing in this provision, however, to suggest that it includes vulnerability arising from the crime itself.
In Wemett v. State, 567 So.2d 882 (Fla.1990), the court said “a departure cannot be based on factors common to nearly all victims of similar crimes.” 567 So.2d at 886. Since the decision in Wemett, the legislature has substantially revised the sentencing guidelines, effective to crimes committed after January 1, 1994. See Ch. 93^06, Laws of Fla. According to the supreme court:
“Existing caselaw construing the application of sentencing guidelines that is in conflict with the provisions of this rule or the statement of purpose or the principles embodied by the 1994 sentencing guidelines set out in subsection 921.001(4) is superseded by the operation of this rule.”
Amendments to Florida Rules of Criminal Procedure re Sentencing Guidelines, 628 So.2d 1084, 1089 (Fla.1993); see also Capers v. State, 670 So.2d 967, 970 (Fla. 1st DCA 1995), approved, 678 So.2d 330 (Fla.1996).
Hence under the current law, it is perhaps more accurate to say that the sentencing guidelines do not allow departures based on reasons inherent in the crime itself unless the statute expressly and clearly permits such a departure. In this case, we agree with defendant that the statute does not clearly allow the precise reason given by the trial judge to authorize an enhancement of a sentence for victim vulnerability on the facts present here.
REVERSED AND REMANDED FOR RESENTENCING WITHIN GUIDELINES.
KLEIN and GROSS, JJ., concur.

. He also went through the victim’s pockets while he lay helpless on the floor of the laundromat where the beating occurred,

. The trial court employed the sentencing form entitled: "RULE 3.990(b) SUPPLEMENTAL SENTENCING GUIDELINES SCORESHEET," bearing an effective date of January 1, 1994.