FARMER, Judge.
This is a companion case to Rosado v. State, 691 So.2d 595 (Fla. 4th DCA 1997). The defendant here was part of the same group of youths who beat a 38-year old man to death. All of the defendants, including Williams, pleaded nolo contendere to manslaughter without any agreement as to the sentence. As in Rosado, the only issues relate to sentencing.
The trial judge based his departure enhancement sentence in this case on victim vulnerability and an escalating pattern of criminal conduct. As to the issue of victim vulnerability, the trial court gave the identical reason he gave in Rosado. We therefore *1159 reverse as to victim vulnerability on the same grounds we stated in Rosado.
That leaves only the escalating pattern of criminal behavior to justify a harsher sentence than provided by the guidelines. The judge based his conclusion on 11 alleged instances in which defendant was involved with the juvenile system. Thus we may affirm the sentence only if the enhancement on this ground was proper.
Initially, the state argues that defendant has waived appellate review of this issue for failure to object below. With respect to sentencing issues, the supreme court has held that a contemporaneous objection is generally required. State v. Whitfield, 487 So.2d 1045 (Fla.1986). Because, however, the supreme court has consistently held that departure errors apparent on the face of the record do not require a contemporaneous objection in order to be preserved for appeal, we reject the state’s waiver argument. See Taylor v. State, 601 So.2d 540 (Fla.1992) (apparent departure errors do not require contemporaneous objection; contemporaneous objection is required for errors requiring resolution of factual matters not contained in the record).
The trial judge explained his finding of an escalating pattern of criminal conduct as follows:
‘With your 11 prior contacts with this system, some auto thefts, burglary, sexual battery, this court finds that you have an escalating pattern of criminality and criminal activity....”
Defendant argues that mere contacts with the juvenile system lacking a judicial disposition are not a sufficient basis on which to find an escalating pattern of criminal conduct.
The enhancement departure ground for an escalating pattern of criminal conduct arises from section 921.001(8), Florida Statutes (1993), which provides:
“A sentence may be imposed outside the guidelines based on credible facts, proven by a preponderance of the evidence, which demonstrate that defendant’s prior record, including offenses for which adjudication was withheld and the current criminal offense for which the defendant is being sentenced, indicate an escalating pattern of criminal conduct. The escalating pattern of criminal conduct may be evidenced by a progression from nonviolent to violent crimes, a progression of increasingly violent crimes, or a pattern of increasingly serious criminal activity.” [e.s.]
The term “prior record” is defined in section 921.0011(5), as follows:
“ ‘Prior record’ means a conviction for a crime committed by the offender, as an adult or a juvenile, prior to the time of the primary offense. Convictions for offenses committed by the offender more than 10 years before the primary offense are not included in the offender’s prior record if the offender has not been convicted of any other crime for a period of 10 consecutive years from the most recent date of release from confinement, supervision, or sanction, whichever is later, to the date of the primary offense. Juvenile dispositions of offenses committed by the offender within 3 years before the primary offense are included in the offender’s prior record when the offense would have been a crime had the offender been an adult rather than a juvenile. Juvenile dispositions of sexual offenses committed by the offender which were committed 3 years or more before the primary offense are included in the offender’s prior record if the offender has not maintained a conviction-free record, either as an adult or a juvenile, for a period of 3 consecutive years from the most recent date of release from confinement, supervision or sanction, whichever is later, to the date of the primary offense.” [emphasis supplied]
As the highlighted parts of these two statutes demonstrate, the legislature has required that a departure on this ground must be rooted in convictions or juvenile dispositions. Hence, mere “contacts” with the juvenile system will not support a finding of an escalating pattern of criminal conduct. Thus, we agree with defendant that the trial court’s *1160 reliance on all prior contacts with the juvenile system was improper.[1]
Only two of the 11 contacts appear to have resulted in dispositions or adjudications. The record shows, however, that defense counsel challenged one of these juvenile dispositions described on the pre-sentence investigation report (PSI) and in the written submission from the Department of Juvenile Justice.[2] In Eutsey v. State, 383 So.2d 219 (Fla.1980), the court held that it was:
“imperative, where the defendant disputes the truth of hearsay statements contained in presentence investigation reports, which would be material to the statutory findings which the trial court is required to make, that the court require the State to produce corroborating evidence.”
383 So.2d 219. Although Eutsey concerned a habitual felony offender sentence, other courts have extended its holding to guideline departure sentences. See, e.g., Davis v. State, 463 So.2d 398 (Fla. 1st DCA 1985); Brooks v. State, 490 So.2d 173 (Fla. 5th DCA 1986).
The record in this case shows that the state failed to present any corroborative evidence as to the challenged disposition. This failure seems to be related to the state’s argument at the sentencing hearing that all 11 contacts with the system could be used to enhance the guidelines sentence. Because the trial judge agreed with the state on this argument, the state understandably did not feel any compulsion to document one of 11 contacts. Nor, apparently for the same reason, did defense counsel insist on corroboration as to the single challenged disposition.
In Davis v. State, 534 So.2d 821 (Fla. 4th DCA 1988), quashed on other grounds, 549 So.2d 187 (Fla.1989), we stated that:
“[A]s one swallow does not a summer make, neither does one prior ‘not included’ strong arm robbery establish a sufficient pattern of escalating criminal conduct to support a departure.”
Davis, 534 So.2d at 822; see also Smith v. State, 507 So.2d 788 (Fla. 1st DCA 1987) (one prior conviction insufficient to establish pattern). The very term “pattern” connotes multiple elements.[3] A single blob of paint on a blank canvas defines no sequence or progression of different elements into any recognizable scheme. So it is that a single conviction or disposition permits no rational conclusion that a succession of different criminal acts exists from which to find a pattern of increasingly serious crimes. We are thus unable to .find in this record a pattern from the remaining, unchallenged disposition.
Because it is apparent that the trial judge based his decision to enhance on an incorrect legal standard, and further because none of the parties focused on the factual issue as to the single disputed disposition, we deem it appropriate to remand for resentencing. Cf. Cave v. State, 661 So.2d 1213 (Fla.1995) (district court correct in examining record to determine if requisite pattern existed notwithstanding the failure of the trial court to make the precise finding). The trial court shall first resolve the dispute as to the contested disposition. If the trial court concludes that the contested disposition is valid as to this defendant, the court may then consider a departure sentence on the grounds of an escalating pattern of criminal conduct on the basis of the two dispositions.
REVERSED AND REMANDED FOR RESENTENCING.
GLICKSTEIN and GROSS, JJ., concur.

. The third district reads these statutes as we do. See Taylor v. State, 659 So.2d 1202 (Fla. 3d DCA 1995); Velez v. State, 596 So.2d 1197 (Fla. 3d DCA 1992).

. Defendant has included the PSI and the computer printout from the Department of Juvenile Justice in the appendix submitted with his initial brief. The two documents, however, are conflicting; the printout shows only one of the two dispositions.

. The AHD gives the following definition, among others less apt, for the word "pattern”:
"A consistent, characteristic form, style, or method, as ... [a] composite of traits or features characteristic of an individual or a group: one’s pattern of behavior." [e.o.]
American Heritage Dictionary (3d. ed.) at 1329.