SHAHOOD, J.
Appellant pled guilty to second degree murder. He was sixteen at the time the offense was committed, and seventeen at the time of sentencing. The recommended guideline sentence was 224.6 months (18.7 years) in prison. The court sentenced him as an adult to thirty years in prison, citing the victim’s vulnerability and the appellant’s escalating pattern of criminal conduct as aggravating factors supporting upward departure. Appellant correctly contends that neither reason cited as a basis for departure is supported by the prevailing case law.
Appellant was one among a group of young men who accosted Mark Leahy *935 (“Leahy”) in a laundromat and began brutally beating him. After some time, several of the group left, but appellant remained and continued punching Leahy. When Le-ahy fell to the ground from the force of one of the punches, appellant seized the opportunity, picked up a metal laundry cart, and hurled it at Leahy, hitting him in the torso. Leahy was taken to the hospital where he later died. An autopsy revealed that the cause of death was internal hemorrhaging due to a lacerated liver resulting from blunt force trauma to his torso. The medical examiner was unable to say within a reasonable degree of medical certainty whether it was the punches, the kicks, or the blow from the laundry cart which lacerated Leahy’s liver.
The trial court rejected a youthful offender sentence in this case explaining,
Mr. Cooper, who is here today, who was 16 years old at the time that this offense took place, 17 today, has 43 prior contacts with the system, including ten burglaries, five grand thefts, not all of them scorable as an adult. Those that are scorable are strong arm robbery, grand theft, two burglary conveyance, two petit theft, trespass, assault, and most of these contacts with the system have come within the last couple of years, been a very active young man. In fact the bulk of them start from 1993 where he had six contacts to ’94, where the remaining contacts take place.
In addition to sentencing appellant as an adult, the court also enhanced his sentence based on the aggravating factors that he had “43 prior contacts” indicating an escalating pattern of criminality, as well as the fact that appellant’s “role and participation left an individual ultimately vulnerable that led to his death.”
We agree with appellant that it was error to depart from the sentencing guidelines based on an escalating pattern of criminal conduct. Departure based on an escalating pattern of crimes is permissible when the record shows either an increase in the seriousness of the crimes, see § 921.001(8), Fla. Stat., or a movement from non-violent to violent crimes. See Barfield v. State, 594 So.2d 259, 261 (Fla.1992). Further, the escalating offenses must have been “committed in temporal proximity” or be similar in nature so as to demonstrate a pattern: See State v. Darrisaw, 660 So.2d 269, 271 (Fla.1995). Juvenile offenses may not be considered to justify the departure, but may be considered to the extent that they demonstrate a pattern of increasing violence. See Taylor v. State, 659 So.2d 1202, 1204 (Fla. 3d DCA 1995). Criminal activity already included on the defendant’s scoresheet may not be considered a second time for departure reasons. Darrisaw v. State, 642 So.2d 615, 617 (Fla. 4th DCA 1994), approved, 650 So.2d 991 (Fla.1995); Hendrix v. State, 475 So.2d 1218, 1220 (Fla.1985).
In this case, the only evidence concerning appellant’s record, juvenile or otherwise, is the trial court’s statements at the sentencing hearing and appellant’s score-sheet. Since the trial court did not specify which of appellant’s prior contacts with the system, apart from those already included in the scoresheet, were influential in affecting the upward departure, and make a finding of increasing violence, it was error to depart from the guidelines on that basis. See Williams v. State, 691 So.2d 1158, 1159 (Fla. 4th DCA 1997)(reversing departure sentence of appellant’s co-defendant and holding that a departure based on escalating pattern of criminal conduct “must be rooted in convictions or juvenile dispositions. Hence, mere ‘contacts’ with the juvenile system will not support a finding of an escalating pattern of criminal conduct.”).
The trial court also cited as a reason for departure the fact that the “defendant’s acts and blows left [the] victim particularly vulnerable to subsequent injuries suffered at his hands.” This, too, was not a proper reason for departure given the facts in this case. In Rosado v. State, 691 So.2d 595 (Fla. 4th DCA 1997), this court considered the departure sentence of one of appellant’s co-defendants. As in this case, the court cited as a basis for depar *936 ture, “[v]ictim especially vulnerable due to age or physical or mental disability. Blow by defendant left victim particularly vulnerable to subsequent injuries suffered at his hand and hands of codefendants.” Id. at 596. In reversing Rosado’s sentence and remanding for re-sentencing within the guidelines, this court held that departure on this basis was improper because the stated reason essentially inheres in the crime itself, and the “statute does not clearly allow the precise reason given by the trial judge to authorize an enhancement of a sentence for victim vulnerability on the facts present here.” Id.
The state, in the case at bar, distinguishes Rosado, arguing that, here, the record contains evidence of victim vulnerability due to a physical disability, i.e. the fact that the victim’s sister testified that he suffered from dyslexia and had sustained a broken clavicle one year prior to the incident, rendering him unable to defend himself. Neither of those distinctions, however, is significant to justify departure based on victim vulnerability. As appellant points out, nothing about the condition of dyslexia would make Leahy any more vulnerable to the attack than any other victim which could have had the misfortune of being in that laundromat on that evening. See Johnson v. State, 689 So.2d 1111 (Fla. 2d DCA 1997)(holding that there was no evidence at trial to show that the victim was especially vulnerable to crime of manslaughter with a firearm because of his manic depression).
Based on the foregoing, we are compelled to reverse appellant’s departure sentence and remand to the trial court for resentencing within the guidelines.
REVERSED AND REMANDED FOR RESENTENCING WITHIN GUIDELINES.
POLEN, J., and GARDINER, ANA L, Associate Judge, concur.