902 So.2d 904 (2005)
Leon COOPER, Appellant,
v.
STATE of Florida, Appellee.
No. 4D04-4124.
District Court of Appeal of Florida, Fourth District.
June 1, 2005.
Leon Cooper, Okeechobee, pro se.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Joseph A. Tringali, Assistant Attorney General, West Palm Beach, for appellee.
PER CURIAM.
We reverse the summary denial of Cooper's rule 3.850 motion for post-conviction relief.
In Cooper v. State, 764 So.2d 934 (Fla. 4th DCA 2000), this court reversed Cooper's sentence. Upon remand, he was resentenced in February 2001, and in May 2004, more than two years later, he filed this 3.850 motion. The trial court denied the motion as untimely.
Cooper's counsel did not file a notice of appeal from the re-sentencing; however, this court granted a belated appeal from his re-sentencing in May 2003. That appeal was dismissed in July 2003, for failure to pay a filing fee or file an affidavit of indigency.
Typically, the two-year time limit for filing a post-conviction motion under rule 3.850(b) does not begin to run until the appellate court issues its mandate disposing of a direct appeal or, if no appeal is filed, when the time for filing a notice of appeal expires. Here, the two-year time limit would have expired on or about March 15, 2003. Cooper petitioned for a belated appeal of the re-sentencing on March 8, 2003.
We conclude that the re-sentencing did not become final until the belated appeal was dismissed. Our grant of belated appeal recognizes Cooper believed that a notice of appeal was filed and was pending. Had that occurred, the trial court would not have jurisdiction to consider a 3.850 *905 motion. Just as Cooper's right to appeal could not be prejudiced by counsel's ineffectiveness in failing to file a notice of appeal, the basis for granting belated appeal, his right to seek post-conviction relief should not be prejudiced by the same ineffectiveness.
Therefore, the motion was timely, as it was filed within two years from the dismissal of the belated appeal.
FARMER, C.J., STONE and MAY, JJ. concur.