PER CURIAM.
The Sentencing Guidelines Commission petitions the Court to amend Florida Rules of Criminal Procedure 3.701(c) and 3.988(b) and (c) to conform to statutory revisions enacted in the 1993 regular legislative session and to approve a new rule of procedure and forms necessary to implement the revised sentencing guidelines adopted by the legislature in its May 1993 special session. We have jurisdiction pursuant to article V, section 2(a), Florida Constitution, and adopt the amendments to rules 3.701(c) and 3.988(b) and (c) set out in appendix A and adopt the new rules 3.702 and 3.990, Florida Rules of Criminal Procedure, set out in appendix B.
In chapter 93-406, Laws of Florida, the legislature amended section 921.001, Florida Statutes (1991), and created sections 921.-0011 through 921.0014 and 921.0016, Florida Statutes (1993). The new sentencing guidelines create a structure based on an offense-ranking system rather than the offense-category system in the current guidelines and will be effective January 1, 1994. The new statutes contain both substance and procedure, and we hereby incorporate any procedural provisions into our rules of procedure. Crimes committed prior to the new guidelines’ effective date will be considered under the current rules of procedure, so rules 3.701 and 3.988 will be retained for the foreseeable future and the new guidelines rule and forms will be found in rules 3.702 and 3.990. The new guidelines reflect a different structure and a shift in public policy, and, therefore, existing caselaw that is in conflict with the new statutes and rules of procedure will be superseded.
We published the proposed amendments and solicited comments on them. Several commentators noted that in the 1993 fall special session the legislature amended section 921.001 to provide that the new guidelines will apply only to crimes committed on or after January 1, 1994 and that only the current statute and rules will apply to crimes committed before that date. We have, therefore, amended proposed rule 3.702 to delete any references to defendants’ electing to be sentenced under the new guidelines.
We hereby adopt the amendments to rules 3.701 and 3.988 and new rules 3.702 and 3.990 as appended to this opinion. The amendments to rules 3.701 and 3.988 will be effective immediately on the filing of this opinion. New rules 3.702 and 3.990 will be effective at 12:01 a.m., January 1, 1994.
It is so ordered.
BARKETT, C.J., and OVERTON, MCDONALD, SHAW, GRIMES, KOGAN and HARDING, JJ., concur.
APPENDIX A
[Additions underlined; deletions struck-through]
RULE 3.701 SENTENCING GUIDELINES
(c) Offense Categories. Offenses have been grouped into 9 offense categories encompassing the following statutes:
Category 1: Murder, manslaughter: Chapter 782 (except subsection 782.-04(l)(a)), subsection 316.193(3)(c)(3), and subsection 327.351(2).
Category 2: Sexual offenses: Section 775.22, Cchapters 794 and 800, section 826.04, and section 491.0112.
Category 3: Robbery: Section 812.13⅞ and sections 812.133 and 812.135.
*1085 Category 4: Violent personal crimes: Section 231.06, chapters 784 and 836, and section 843.01, and subsection 381.411(4).
Category 5: Burglary: Chapter 810, section 817.025, and subsection 806.13(3).
Category 6: Thefts, forgery, fraud: Sections 192.037 and 206.56, chapters 322 and 409, section 370.142, section 415.111, chapter 443, section 493.3175, sections 494.0018, 496.413, and 496.417, chapter 509, subsection 517.301(l)(a), subsections 585.145(3) and 585.85(2), section 687.146, and chapters 812 (except section 812.13), 815, 817, 831, and 832.
Category 7: Drugs: Section 499.005 and chapter 893.
Category 8: Weapons: Chapter 790 and section 944.40.
Category 9: All other felony offenses.
[[Image here]]
Note — Any person sentenced for a felony offense committed after October 1, 1988, whose presumptive sentence is any nonstate prison sanction may be sentenced to community control or to a term of incarceration not to exceed 22 months. Such sentence is not subject to aopeal. However, before imposing such sentence, the court snail give due consideration to the criteria ms. 921.005(1). §921.001(5), Fla. StaL (Supp. 1988).
*1086 [[Image here]]
*1087 [[Image here]]
Note — Any person sentenced for a felony offense committed after October 1, 2988, whose presumptive sentence is any nonstate prison sanction may be sentenced to community control or to a term of incarceration not to exceed 22 months. Suca sentence is not subject to appeal. However, before imposing such sentence, the court shall give due consideration to :ac entem in s. 921.005(1). §921.001(5), Fla. Star. (Supp. 1988).
*1088 [[Image here]]
*1089 APPENDIX B
RULE 3.702 SENTENCING GUIDELINES (1994)
(a) Use. This rule is to be used in conjunction with the forms located at rule 3.990. This rule is intended to implement the 1994 revised sentencing guidelines in strict accordance with chapter 921, Florida Statutes, as revised by chapter 93-406, Laws of Florida.
(b) Purpose and Construction. The purpose of the 1994 revised sentencing guidelines and the principles they embody are set out in subsection 921.001(4). Existing caselaw construing the application of sentencing guidelines that is in conflict with the provisions of this rule or the statement of purpose or the principles embodied by the 1994 sentencing guidelines set out in subsection 921.001(4) is superseded by the operation of this rule.
(c) Offense Severity Ranking. Felony offenses subject to the 1994 revised sentencing guidelines are listed in a single offense severity ranking chart located at section 921.0012. The offense severity ranking chart employs 10 offense levels, ranked from least severe to most severe. Each felony offense is assigned to a level according to the severity of the offense, commensurate with the harm or potential for harm to the community that is caused by the offense. Felony offenses not listed in section 921.0012 are to be assigned a severity level as described in section 921.-0013.
(d) General Rules and Definitions.
(1)A comprehensive guidelines score-sheet shall be prepared for each defendant covering all offenses pending before the court for sentencing, including offenses for which the defendant has been adjudicated an habitual felony offender or an habitual violent felony offender. The office of the state attorney or the probation services office, or both where appropriate, will prepare the scoresheets and present them to defense counsel for review as to accuracy. Where the defendant is alleged to have violated probation or community control and probation services will recommend revocation, probation services shall prepare a comprehensive guidelines score-sheet for use at sentencing after revocation of probation or community control. The sentencing judge shall review the score-sheet for accuracy.
(2) “Conviction” means a determination of guilt resulting from plea or trial, regardless of whether adjudication was withheld or whether imposition of sentence was suspended.
(3) “Primary offense” is the offense pending for sentencing that results in the highest number of total sentence points. Only one offense may be scored as the primary offense.
(4) “Additional offense” is any offense, other than the primary offense, pending before the court for sentencing. Sentence points for additional offenses are determined by the severity level and the number of offenses at a particular severity level. Misdemeanors are scored at level “M” regardless of degree.
(5) “Victim injury” is scored for physical injury or death suffered by a person as a direct result of any offense pending before the court for sentencing. If an offense pending before the court for sentencing involves sexual penetration, victim injury is to be scored. If an offense pending before the court for sentencing involves sexual contact, but no penetration, victim injury shall be scored. If the victim of an offense involving sexual penetration or sexual contact without penetration suffers any physical injury as a direct result of an offense pending before the court for sentencing, that physical injury is to be scored separately and in addition to any points scored for the sexual contact or sexual penetration.
Victim injury shall be scored for each victim physically injured and for each offense resulting in physical injury whether there are one or more victims. However, if the victim injury is the result of a crime of which the defendant has been acquitted, it shall not be scored.
(6) Attempts, conspiracies, and solicitations charged under chapter 777 are scored at severity levels below the level at
*1090 which the completed offense is located. Attempts and solicitations are scored 2 severity levels below the completed offense. Criminal conspiracies are scored 1 severity level below the completed offense.
(7) “Total offense score” results from adding the sentence points for primary offense, additional offense, and victim injury.
(8) “Prior record” refers to any conviction for an offense committed by the defendant prior to the commission of the primary offense. Prior record shall include convictions for offenses committed by the defendant as an adult or as a juvenile, convictions by federal, out-of-state, military, or foreign courts, and convictions for violations of county or municipal ordinances that incorporate by reference a penalty under state law. Federal, out-of-state, military, or foreign convictions are scored at the severity level at which the analogous or parallel Florida crime is located.
(A) Convictions for offenses committed more than 10 years prior to the date of the commission of the primary offense are not scored as prior record if the defendant has not been convicted of any other crime for a period of 10 consecutive years from the most recent date of release from confinement, supervision, or other sanction, whichever is later, to the date of the commission of the primary offense.
(B) Juvenile dispositions of offenses committed by the defendant within 3 years prior to the date of the commission of the primary offense are scored as prior record if the offense would have been a crime if committed by an adult. Juvenile dispositions of sexual offenses committed by the defendant more than 3 years prior to the date of the primary offense are to be scored as prior record if the defendant has not maintained a conviction-free record, either as an adult or as a juvenile, for a period of 3 consecutive years from the most recent date of release from confinement, supervision, or sanction, whichever is later, to the date of commission of the primary offense.
(C) Entries in criminal histories that show no disposition, disposition unknown, arrest only, or a disposition other than conviction shall not be scored. Criminal history records expunged or sealed under section 943.058 or other provisions of law, including former sections 893.14 and 901.-33, shall be scored as prior record where the defendant whose record has been expunged or sealed is before the court for sentencing.
(D) Any uncertainty in the scoring of the defendant’s prior record shall be resolved in favor of the defendant, and disagreement as to the propriety of scoring specific entries in the prior record shall be resolved by the sentencing judge.
(E) When unable to determine whether the conviction to be scored as prior record is a felony or a misdemeanor, the conviction should be scored as a misdemeanor. When the degree of felony is ambiguous or the severity level cannot be determined, the conviction should be scored at severity level 1.
(9) “Legal status violations” occur when a defendant, while under any of the forms of legal status listed in subsection 921.-011(3), commits an offense that results in conviction. Legal status violations receive a score of 4 sentence points and are scored when the offense committed while under legal status is before the court for sentencing. Points for a legal status violation are to be assessed only once regardless of the existence of more than one form of legal status at the time an offense is committed or the number of offenses committed while under any form of legal status.
(10) “Release program violations” occur when the defendant is found to have violated a condition of a release program designated in subsection 921.011(6). Six points shall be assessed for each violation up to a maximum of 18 points in the case of multiple violations. Where there are multiple violations, points in excess of 6 may be assessed only for each successive violation that follows the reinstatement or modification of the release program and are not to be assessed for violation of several conditions of a single release program order.
*1091 (11) “Total prior record score” results from adding sentence points for prior record, legal status violations, and release program violations.
(12) Possession of a firearm, destructive device, semiautomatic weapon, or a machine gun during the commission or attempt to commit a crime will result in additional sentence points. Eighteen sentence points shall be assessed where the defendant is convicted of committing or attempting to commit any felony other than those enumerated in subsection 775.-087(2) while having in his or her possession a firearm as defined in subsection 790.-001(6) or a destructive device as defined in subsection 790.001(4). Twenty-five sentence points shall be assessed where the offender is convicted of committing or attempting to commit any felony other than those enumerated in subsection 775.087(2) while having in his or her possession a semiautomatic weapon as defined in subsection 775.087(2) or a machine gun as defined in subsection 790.001(9).
(13) “Subtotal sentence points” result from adding the total offense score, the total prior record score, and any additional points for possession of a firearm, destructive device, semiautomatic weapon, or machine gun.
(14) If the primary offense is drug trafficking under section 893.135, the subtotal sentence points may be multiplied, at the discretion of the sentencing court, by a factor of 1.5. If the primary offense is a violation of the Law Enforcement Protection Act under subsections 775.0823(2), (3), (4), or (5), the subtotal sentence points shall be multiplied by a factor of 2. If the primary offense is a violation of subsection 775.087(2)(a)(2) or subsections 775.0823(6) or (7), the subtotal sentence points shall be multiplied by a factor of 1.5. If both enhancements are applicable, only the enhancement with the higher multiplier is to be used.
(15) “Total sentence points” result from the enhancement, if applicable, of the subtotal sentence points. If no enhancement is applicable, the subtotal sentence points are the total sentence points.
(16) “Presumptive sentence” is determined by the total sentence points. If the total sentence points are less than or equal to 40, the recommended sentence, absent a departure, shall not be state prison. However, the sentencing court may increase sentence points less than or equal to 40 by up to and including 15 percent to arrive at total sentence points in excess of 40. If the total sentence points are greater than 40 but less than or equal to 52, the decision to sentence the defendant to state prison or a nonstate prison sanction is left to the discretion of the sentencing court. If the total sentence points are greater than 52, the sentence, absent a departure, must be to state prison.
A state prison sentence is calculated by deducting 28 points from the total sentence points where total sentence points exceed 40. The resulting number represents state prison months. State prison months may be increased or decreased by up to and including 25 percent at the discretion of the sentencing court. State prison months may not be increased where the sentencing court has exercised discretion to increase total sentence points under 40 points to achieve a state prison sentence. The sentence imposed must be entered on the scoresheet.
(17) For those offenses having a mandatory penalty, a scoresheet should be completed and the guidelines presumptive sentence calculated. If the presumptive sentence is less than the mandatory penalty, the mandatory sentence takes precedence. If the presumptive sentence exceeds the mandatory sentence, the presumptive sentence should be imposed.
(18) Departure from the recommended guidelines sentence provided by the total sentence points should be avoided unless there are circumstances or factors that reasonably justify aggravating or mitigating the sentence. A state prison sentence that deviates from the recommended prison sentence by more than 25 percent, a state prison sentence where the total sentence points are equal to or less than 40, or
*1092 a sentence other than state prison where the total sentence points are greater than 52 must be accompanied by a written statement delineating the reasons for departure. Circumstances or factors that can be considered include, but are not limited to, those listed in subsections 921.-0016(3) and (4). Reasons for departing from the recommended guidelines sentence shall not include circumstances or factors relating to prior arrests without conviction or charged offenses for which convictions have not been obtained.
(A) If a sentencing judge imposes a sentence that departs from the recommended guidelines sentence, the reasons for departure shall be orally articulated at the time sentence is imposed. Any departure sentence must be accompanied by a written statement, signed by the sentencing judge, delineating the reasons for departure. The written statement shall be filed in the court file within 15 days of the date of sentencing. A written transcription of orally stated reasons for departure articulated at the time sentence was imposed is sufficient if it is signed by the sentencing judge and filed in the court file within 15 days of the date of sentencing. The sentencing judge may also list the written reasons for departure in the space provided on the guidelines scoresheet and shall sign the scoresheet.
(B) The written statement delineating the reasons for departure shall be made a part of the record. The written statement, if it is a separate document, must accompany the guidelines scoresheet required to be provided to the Department of Corrections pursuant to subsection 921.0014(5).
(19) The sentencing court shall impose or suspend sentence for each separate count, as convicted. The total sentence shall be within the guidelines sentence unless a departure is ordered.
If a split sentence is imposed, the incar-cerative portion of the sentence must not deviate more than 25 percent from the recommended guidelines prison sentence. The total sanction (incarceration and community control or probation) shall not exceed the term provided by general law or the guidelines recommended sentence where the provisions of subsection 921.-001(5) apply.
(20) Sentences imposed after revocation of probation or community control must be in accordance with the guidelines. Cumulative incarceration imposed after revocation of probation or community control is subject to limitations imposed by the guidelines. A violation of probation or community control may not be the basis for a departure sentence.
Committee Notes
(d)(1) If sentences are imposed under section 775.084 and the sentencing guidelines, a scoresheet listing only those offenses sentenced under the sentencing guidelines must be prepared and utilized in lieu of the comprehensive scoresheet.
Due to ethical considerations, defense counsel may not be compelled to submit or sign a scoresheet.
(d)(3) The primary offense need not be the highest ranked offense pending for sentencing where scoring the less severe offense as the primary offense will result in higher total sentence points. This can occur where the multipliers for drug trafficking or violations of the Law Enforcement Protection Act are applied or where past convictions can be included as prior record that could not be scored if the offense ranked at a higher severity level was the primary offense.
(d)(16) The presumptive sentence is assumed to be appropriate for the composite score of the defendant. Where the total sentence points do not exceed 40, the court has the flexibility to impose any lawful term of probation with or without a period of incarceration as a condition of probation, a county jail term alone, or any nonincar-cerative disposition. Any sentence may include a requirement that a fine be paid.
*1093 [[Image here]]
*1094 [[Image here]]
*1095 [[Image here]]
*1096 If reasons cited for departure are not listed below, please write reasons on the reverse side, in the area specified “Reasons for Departure” Reasons for Departure - Aggravating Circumstances
□ Legitimate, uncoerced, plea bargain.
□ Offense was one of violence and was committed in a manner that was especially heinous, atrocious or cruel.
□ Offenses arose from separate episodes. Primary offense is at level 4 or higher and the defendant has committed 5 or more offenses within a 180 day period that have resulted in convictions.
□ Primary offense is scored at level 3 and the defendant has committed 8 or more offenses within a 180 day period that have resulted in convictions.
□ Offense was committed within 6 months of defendant’s discharge from a release program or state prison.
□ Defendant occupied a leadership role in a criminal organization.
□ Offense committed by a public official under color of office.
□ Defendant knew victim to be a law enforcement officer at the time of the offense, the offense was a violent offense: and that status is not an element of the primary offense.
□ Offense created substantial risk of death or great bodily harm to many persons or to one or more small children.
□ Victim especially vulnerable due to age or physical or mental disability.
□ Offense was motivated by prejudice based on race, color, ancestry, ethnicity, religion, sexual orientation or national origin of the vicum.
□ Victim suffered extraordinary physical or emotional trauma or permanent physical injury, or was treated with particular cruelty.
□ Victim was physically attacked by the defendant in the presence of one or more members of the victim’s family.
□ Offense resulted in substantial economic hardship to a victim and consisted of an illegal act or acts committed by means of concealment, guile or fraud to obtain money or property, to avoid payment or loss of money or property or to obtain business or professional advantage when two or more of the following circumstances were present:
□ Offense involved multiple victims or multiple incidents per victim.
□ Offense involved a high degree of sophistication or planning or occurred over a lengthy period of time:
□ The defendant used position or status to facilitate the commission of the offense, including positions of trust, confidence, or fiduciary relationship: or
□ The defendant was in the past involved in other conduct similar to that involved in the current offense.
□ Offense committed in order to prevent or avoid arrest, to impede or prevent prosecution for the conduct underlying the arrest, or to effect an escape from custody.
□ Defendant is not amenable to rehabilitation or supervision, as evidenced by an escalating pattern of criminal conduct as described in s. 921.001(8).
□ Defendant induced a minor to participate in any of the offenses pending before the court for disposition.
□ Primary offense is scored at level 7 or higher and the defendant has been convicted of one or more offense that scored, or would have scored, at an offense level 8 or higher.
□ Defendant has an extensive unscoreable juvenile record.
Reasons for Departure - Mitigating Circumstances
D Legitimate, uncoerced plea bargain.
□ Defendant was an accomplice to the offense and was a relatively minor participant in the criminal conduct.
□ The capacity of the defendant to appreciate the criminal nature of the conduct or to conform that conduct to the requirements of law was substantially impaired.
;□ Defendant requires specialized treatment for addiction, mental disorder, or physical disability and the defendant is amenable to treatment.
□ The need for payment of restitution to the victim outweighs the need for a prison sentence.
□ The victim was an initiator, willing participant, aggressor, or provoker of the incident.
□ The defendant acted under extreme duress or under the domination of another person.
□ Before the identity of the defendant was determined, the victim was substanually compensated.
□ Defendant cooperated with the State to resolve the current offense or any other offense
□ The offense was committed in an unsophisticated manner and was an isolated incident for which the defendant has shown remorse
□ At the time of the offense the defendant was too young to appreciate the consequences of the offense.
□ Defendant to be sentenced as a youthful offender