670 So.2d 967 (1995)
Jimmy Donald CAPERS, Appellant,
v.
STATE of Florida, Appellee.
No. 94-4182.
District Court of Appeal of Florida, First District.
December 19, 1995.
*969 Nancy A. Daniels, Public Defender; David P. Gauldin, Assistant Public Defender, Tallahassee, for Appellant.
Robert A. Butterworth, Attorney General; Trisha E. Meggs and Amelia L. Beisner, Assistant Attorneys General, Tallahassee, for Appellee.
PER CURIAM.
Convicted of three counts of attempted capital sexual battery on a person less than twelve years of age, and two counts of lewd and lascivious assault on a child under the age of sixteen,[1] Jimmy Donald Capers appeals the sentence imposed, arguing that the circuit court relied on impermissible grounds for departing from the sentencing guidelines. Except for the sentence imposed in Case No. 94-218, we affirm, but we certify a question to the Florida Supreme Court as a question of great public importance.
The trial court imposed the following departure sentence: thirty years for two counts of attempted capital sexual battery (No. 94-217); fifteen years for one count of lewd and lascivious assault (No. 94-217) to run concurrent with the two counts of attempted capital sexual battery in Case No. 94-217; thirty years for attempted capital sexual battery (No. 94-218) to run consecutive to the sentence imposed in Case No. 94-217; fifteen years for lewd and lascivious assault (No. 94-219) to run consecutive to the sentences in Cases Nos. 94-217 and 94-218. As reasons for departing from the guidelines, the trial court found that the victims were each vulnerable due to their age, § 921.0016(3)(j), Fla.Stat. (1993), that Capers had abused his familial authority,[2] and that *970 Capers was "not amenable to rehabilitation or supervision as evidenced by an escalating pattern of criminal conduct as described in s. 921.001(8)." § 921.0016(3)(p), Fla.Stat. (1993).[3]
Vulnerability of a victim due to age, the only viable ground for departure here, is not a valid reason for imposing a departure sentence for offenses committed prior to January 1, 1994 (the effective date of the 1994 Guidelines) even where age is not an element of the crime.[4]
"It necessarily follows that a departure cannot be based on factors common to nearly all victims of similar crimes. Otherwise, the exception would swallow the rule.
* * * * * *
Vulnerability is not a clear and convincing reason to depart from the guidelines when the victim's helplessness is common to nearly all similar crimes. Were we to allow the departure here based solely on the age-related vulnerability, virtually every defendant who assaults an elderly person or a child would qualify for a departure sentence regardless of the nature or severity of the offense."
Small v. State, 667 So.2d 299 (Fla. 1st DCA 1995) (quoting Wemett v. State, 567 So.2d 882, 886-87 (Fla.1990)). We conclude, however, that the 1994 Guidelines have worked a change in the law as to offenses committed on or after January 1, 1994.[5]
Under the 1994 Guidelines, the Legislature has expressly provided that vulnerability of a victim due to age is a valid reason for departure. Section 921.0016(3), Florida Statutes (1993), provides in pertinent part:
Aggravating circumstances under which a departure from the sentencing guidelines is reasonably justified include, but are not limited to:
. . . . .
(j) The victim was especially vulnerable due to age or physical or mental disability.
The Legislature clearly intended to overrule cases like Wemett, supra, and did not explicitly *971 limit the applicability of section 921.0016(3)(j) to cases where the victim's age is not an element of the crime.[6] Our supreme court has stated:
The purpose of the 1994 revised sentencing guidelines and the principles they embody are set out in subsection 921.001(4). Existing caselaw construing the application of sentencing guidelines that is in conflict with the provisions of this rule or the statement of purpose or the principles embodied by the 1994 sentencing guidelines set out in subsection 921.001(4) is superseded by the operation of this rule.
Amendments to Florida Rules of Criminal Procedure re Sentencing Guidelines, 628 So.2d 1084, 1089 (Fla.1993); Fla.R.Crim.P. 3.702(b).[7] We therefore conclude that the victim's vulnerability on account of age justifies upward departure for offenses committed after January 1, 1994, even in sentencing for an offense of which the victim's age is an element.
While we affirm the departure sentence predicated on the vulnerability of the victims due to age, except in Case No. 94-218, we certify the following question to the Florida Supreme Court as one of great public importance:
WHETHER SECTION 921.0016(3)(J), FLORIDA STATUTES (1993), MAKES "VULNERABILITY DUE TO AGE," AN AGGRAVATING CIRCUMSTANCE JUSTIFYING DEPARTURE FROM THE SENTENCING GUIDELINES WHERE THE DEFENDANT IS ADJUDICATED GUILTY OF ATTEMPTED CAPITAL SEXUAL BATTERY AND/OR LEWD AND LASCIVIOUS ASSAULT ON CHILDREN UNDER THE AGE OF SIXTEEN.
The sentence in Case No. 94-218 is vacated, and Case No. 94-218 is remanded for resentencing. The sentences in Cases Nos. 94-217 and 94-219 are affirmed.
WOLF, LAWRENCE and BENTON, JJ., concur.
NOTES
[1] On May 19, 1994, Capers was charged, by three separate informations, with two counts of capital sexual battery and one count of lewd and lascivious assault (No. 94-217), one count of capital sexual battery (No. 94-218), and one count of lewd and lascivious assault (No. 94-219), on his two stepdaughters, then ages seven and ten, in violation of sections 794.011(2)(a) and 800.04, Florida Statutes.

Section 794.011(2)(a), Florida Statutes (1993) provides:
A person 18 years of age or older who commits sexual battery upon, or in an attempt to commit sexual battery injures the sexual organs of, a person less than 12 years of age commits a capital felony, punishable as provided in ss. 775.082 and 921.141.
Section 800.04, Florida Statutes (1993) provides in pertinent part:
A person who:
(1) Handles, fondles, or assaults any child under the age of 16 years in a lewd, lascivious, or indecent manner;
. . . . .
without committing the crime of sexual battery, commits a felony of the second degree, punishable as provided in s. 775.082, s. 775.083, or s. 775.084. Neither the victim's lack of chastity nor the victim's consent is a defense to the crime proscribed by this section. A mother's breast feeding of her baby does not under any circumstance violate this section.
On August 8, 1994, Capers entered into a written plea agreement with the state, pleading nolo contendere to three counts of attempted capital sexual battery and two counts of lewd and lascivious assault, in exchange for the state's agreement to recommend a thirty-five year sentence. The trial court accepted the plea as freely and voluntarily given, but stated that it would not accept the recommended sentence. Of particular concern to the trial court was that in July of 1989 Capers had been charged with capital sexual battery of his own four year old daughter, was sentenced pursuant to a plea agreement for lewd and lascivious assault and was ordered to have no contact with his daughter, but upon release from prison sought to obtain custody of his daughter in another court.
THE COURT: I'm not, and I hate to be vacillating on this, but you know when you add the fact that this man would sexually abuse his own child and then seek custody of the court, go to court, not this court but a court that is not aware of the prior convictions.
THE DEFENDANT: I did not do it
THE COURT: And not disclose it to that court, be ordered to go to treatment for a sexual abuse problem, not go to the treatment or be discharged because he says that he does [not] have a problem. And marries another woman and does the same thing with two other girlsThis man does not need to be anywhere but in prison for the rest of his life. And I'm not going to accept the plea agreement as it is, ....
Capers stated that he did not wish to withdraw his plea but objected to any sentence imposed outside the sentencing guidelines (151.8 to 253 months) or greater than the plea agreement.
[2] In the written reasons for departure, the trial court expressed its concern that Capers was in a position of familial authority over the victims.

[Capers] has abused in the most horrible way his duties as a father and a stepfather.... This defendant has now forever damaged the lives of three small girls: one his own daughter and the other two his stepdaughters. Instead of using his custodial authority to nurture and protect these young children, he used the opportunity to indulge his sick appetites.
Our supreme court has held that a breach of familial authority is an invalid reason for entering a departure sentence in child molestation cases. Cumbie v. State, 574 So.2d 1074 (Fla. 1991); Wilson v. State, 567 So.2d 425 (Fla.1990). "`"[V]ulnerability" and "breach of trust" are factors common in child molestation cases.'" Wilson, 567 So.2d at 427 quoting Laberge v. State, 508 So.2d 416, 417 (Fla. 5th DCA 1987). The fact that this was an invalid reason for entering a departure sentence, however, does not end our analysis.
When multiple reasons exist to support a departure from a guidelines sentence, the departure shall be upheld when at least one circumstance or factor justifies the departure regardless of the presence of other circumstances or factors found not to justify the departure.
§ 921.001(6), Fla.Stat. (1993).
[3] Lack of amenability to rehabilitation as evidenced by an escalating pattern of criminal conduct was not a valid reason for a departure sentence in the present case.

The escalating pattern of criminal conduct may be evidenced by a progression from nonviolent to violent crimes, a progression of increasingly violent crimes, or a pattern of increasingly serious criminal activity.
§ 921.001(8), Fla.Stat. (1993). In 1989 Capers was charged with capital sexual battery on his own four-year-old daughter which was reduced to lewd and lascivious assault in accordance with a written plea agreement. In 1993, Capers committed a battery on his new wife. In 1994, Capers was charged with the present offenses. Capers' criminal history does not constitute an escalating pattern of criminal conduct as defined by section 921.001(8), Florida Statutes.
[4] In general, "[f]actors already taken into account in calculating the guidelines score can never support departure," State v. Mischler, 488 So.2d 523, 525 (Fla.1986), and "[a] court cannot use an inherent component of the crime in question to justify departure." Id.
[5] Except in Case No. 94-218, appellant pleaded nolo contendere to offenses alleged to have occurred on or after January 2, 1994. In Case No. 94-218, the offense was alleged to have taken place "on or about October 1, 1993 to April 15, 1994." The 1994 sentencing guidelines do not apply to offenses committed prior to January 1, 1994. Cohen v. State, 656 So.2d 525 (Fla. 5th DCA 1995); ch. 93-406, § 13 at 2941, Laws of Fla. See generally Ivey v. Chiles, 604 So.2d 542 (Fla. 1st DCA 1992) (treating continuing offense as occurring on first date charged).
[6] The age of the victim is an element of both the crime of attempted capital sexual battery, § 794.011(2)(a), Fla.Stat. (1993), and the crime of committing a lewd or lascivious assault on a child. § 800.04, Fla.Stat. (1993). Vulnerability of the victim by virtue of tender age is common to child molestation cases. Wilson v. State, 567 So.2d 425, 427 (Fla.1990).

The Legislature expressly limited other grounds for entering a departure sentence when the ground was an element of the crime charged. Section 921.0016(3)(h), Fla.Stat. (1993) states as grounds for entering a departure sentence:
The defendant knew the victim was a law enforcement officer at the time of the offense; the offense was a violent offense; and that status is not an element of the primary offense.
(emphasis added). "It is an accepted rule of statutory construction that the legislature is presumed to be acquainted with judicial decisions on the subject concerning which it subsequently enacts a statute." Ford v. Wainwright, 451 So.2d 471 (Fla.1984).
[7] The purpose of the sentencing guidelines is to establish a uniform set of standards to guide the sentencing judge in the sentence decisionmaking process. The guidelines represent a synthesis of current sentencing theory, historical sentencing practices, and a rational approach to managing correctional resources. The sentencing guidelines are intended to eliminate unwarranted variation in the sentencing process by reducing the subjectivity in interpreting specific offense-related and offender-related criteria and in defining the relative importance of those criteria in the sentencing decision.

§ 921.001(4), Fla.Stat. (1993).