PER CURIAM.
We affirm Mr. Ailing’s conviction for committing a lewd and lascivious act in the presence of a child under the age of sixteen. We reverse his sentence and remand for resen-tencing within the guidelines.
The trial court departed from the guidelines range of 2 to 3.3 years’ imprisonment and sentenced Mr. Ailing to 15 years’ incarceration. Its written reasons for departure were essentially the psychological trauma to the victim and her age. Had Mr. Ailing’s crime been committed after January 1, 1994, the victim’s age would have been a valid reason for departure under the amended sentencing guidelines. See § 921.006(3)(j), Fla. Stat. (1993); Fla.R.Crim.P. 3.702(d)(18). See also Capers v. State, 670 So.2d 967 (Fla. 1st DCA 1995) (holding that Legislature intended 1994 amended guidelines to overrule existing case law and as such, vulnerability due to victim’s age is valid reason for departure even in cases where age is element of offense). The state, however, did not prove by a preponderance of the evidence that the offense was committed after January 1,1994; *296 therefore, none of the reasons for departure are valid under the case law existing prior to that date. See Wemett v. State, 567 So.2d 882 (Fla.1990); Wilson v. State, 567 So.2d 425 (Fla.1990). Accordingly, we reverse Mr. Ailing’s sentence and remand for resentenc-ing within the guidelines.
PATTERSON, A.C.J., and ALTENBERND and LAZZARA, JJ., concur.