678 So.2d 330 (1996)
Jimmy Donald CAPERS, Petitioner,
v.
STATE of Florida, Respondent.
No. 87200.
Supreme Court of Florida.
July 18, 1996.
*331 Nancy A. Daniels, Public Defender and David P. Gauldin, Assistant Public Defender, Tallahassee, for Petitioner.
Robert A. Butterworth, Attorney General; James W. Rogers, Tallahassee Bureau Chief and Trisha E. Meggs, Assistant Attorney General, Tallahassee, for Respondent.
HARDING, Justice.
We have for review Capers v. State, 670 So.2d 967, 971 (Fla. 1st DCA 1995), in which the First District Court of Appeal certified the following to be a question of great public importance:
WHETHER SECTION 921.0016(3)(J), FLORIDA STATUTES (1993), MAKES "VULNERABILITY DUE TO AGE," AN AGGRAVATING CIRCUMSTANCE JUSTIFYING DEPARTURE FROM THE SENTENCING GUIDELINES WHERE THE DEFENDANT IS ADJUDICATED GUILTY OF ATTEMPTED CAPITAL SEXUAL BATTERY AND/OR LEWD AND LASCIVIOUS ASSAULT ON CHILDREN UNDER THE AGE OF SIXTEEN.
We have jurisdiction. Art. V, § 3(b)(4), Fla. Const.
On August 8, 1994, Jimmy Donald Capers entered into a written plea agreement with the State, whereby he pled nolo contendere to three counts of attempted capital sexual battery on a person less than twelve years of age, and two counts of lewd and lascivious assault on a child under the age of sixteen. The State agreed to recommend a thirty-five year sentence, which constituted an upward departure from Capers' scoresheet range of 151.8 to 253 months. The trial court accepted the plea as freely and voluntarily given, but did not accept the recommended sentence. The trial court was particularly concerned that in July 1989 Capers was charged with capital sexual battery of his own four-year-old daughter. In that case, Capers was sentenced pursuant to a plea agreement for lewd and lascivious assault, and was ordered to have no contact with his daughter. However, upon release from prison, he sought to obtain custody of his daughter in another court that was not aware of his prior conviction.
At the sentencing hearing, the defense objected to any sentence imposed outside the sentencing guidelines or greater than the plea agreement. The trial court sentenced Capers to a total of seventy-five years, which constituted an upward departure from the sentencing guidelines. The trial court cited a number of reasons for departing from the guidelines, including that the victims were vulnerable due to their age, as provided in section 921.0016(3)(j), Florida Statutes (1993).[1]
On appeal, the district court found that the vulnerability of the victim due to age was the *332 only viable ground for departure in this case. Capers, 670 So.2d at 970. However, the court also determined that this reason does not apply to offenses committed prior to January 1, 1994, the effective date of the 1994 guidelines. Thus, the court determined that vulnerability due to age was not a valid reason for departure in one of Capers' cases, which occurred before the 1994 guidelines became effective. The district court affirmed the departure sentences for the offenses committed after January 1, 1994, which included two counts of attempted capital sexual battery on a person less than twelve years of age and two counts of lewd and lascivious assault on a child under the age of sixteen. Id. at 971.
Even though vulnerability of a victim due to age is an element of both attempted capital sexual battery on a person less than twelve years of age and lewd and lascivious assault on a child under the age of sixteen, the district court determined that the legislature did not limit the applicability of section 921.0016(3)(j) to cases where the victim's age is not an element of the crime. Id. at 970-71. The court also noted the legislature had expressly limited other grounds for entering a departure sentence when the ground was an element of the crime. Id. at 970-71 n. 6 (discussing section 921.0016(3)(h), Florida Statutes (1993), which permits departure based on victim being a law enforcement officer when that status is not an element of the primary offense).
The district court also cited this Court's explanation that the 1994 sentencing guidelines supersede existing case law that conflicts with the purpose or principle of the new guidelines. Id. at 971 (discussing Amendments to Florida Rules of Criminal Procedure re Sentencing Guidelines, 628 So.2d 1084, 1089 (Fla.1993), which revised Florida Rules of Criminal Procedure to conform to the 1993 statutory revisions).
Thus, the district court held that "the victim's vulnerability on account of age justifies upward departure for offenses committed after January 1, 1994, even in sentencing for an offense of which the victim's age is an element." Capers, 670 So.2d at 971.
Capers contends vulnerability due to age is an improper reason for departure in this case because it is an inherent component of both attempted capital sexual battery on a person less than twelve years of age and lewd and lascivious assault on a child under the age of sixteen. He further argues that if it is a proper reason for departure, a departure would be authorized in every case dealing with these crimes, and such a result would be contrary to the purpose of the sentencing guidelines.
However, the plain meaning of statutory language is the first consideration of statutory construction. St. Petersburg Bank & Trust Co. v. Hamm, 414 So.2d 1071, 1073 (Fla.1982). Only when a statute is of doubtful meaning should matters extrinsic to the statute be considered in construing the language employed by the legislature. Florida State Racing Comm'n v. McLaughlin, 102 So.2d 574, 576 (Fla.1958).
A textual reading of the 1994 guidelines reveals that vulnerability due to age is a proper reason to justify departure. As the district court correctly noted, the statute expressly prohibits departure based on the victim's law enforcement status where that status is an inherent component of the crime. See § 921.0016(3)(h), Fla. Stat. (1993). Section 921.0016(3)(j) was enacted at the same time as section 921.0016(3)(h), but does not contain a similar provision prohibiting "double counting." If the legislature had intended to prohibit departure based on vulnerability due to age where it is an inherent component of the crime, it could have expressly stated this as it did in section 921.0016(3)(h). See Thayer v. State, 335 So.2d 815, 817 (Fla.1976) ("It is, of course, a general principle of statutory construction that the mention of one thing implies the exclusion of another; expressio unius est exclusio alterius.")
This conclusion is also supported by our decision in Amendments to Florida Rules of Criminal Procedure re Sentencing Guidelines, which provides that "[t]he new guidelines reflect a different structure and a shift in public policy, and, therefore, existing case law that is in conflict with the new statutes and rules of procedure will be superseded." *333 628 So.2d at 1084; see also Fla. R.Crim. P. 3.702(b).
Capers also argues that the double counting of an element of a crime as an aggravating circumstance violates constitutional principles. We find no merit to this claim. As we stated in State v. Smith, "`the Double Jeopardy Clause does no more than prevent the sentencing court from prescribing greater punishment than the legislature intended.' "547 So.2d 613, 614 (Fla.1989) (quoting Missouri v. Hunter, 459 U.S. 359, 366, 103 S.Ct. 673, 678, 74 L.Ed.2d 535 (1983)). Here, the legislature clearly gave trial courts the discretion to consider the victim's vulnerability due to age in the sentencing process as long as the sentence does not exceed the statutory maximum.
For the reasons discussed above, we find that section 921.0016(3)(j) permits departure from the sentencing guidelines based upon the victim's vulnerability due to age for offenses committed after January 1, 1994, even where the age of the victim is an element of the offense. Accordingly, we answer the certified question in the affirmative and approve the decision below.
It is so ordered.
KOGAN, C.J., and OVERTON, GRIMES, WELLS and ANSTEAD, JJ., concur.
SHAW, J., dissents.
NOTES
[1] Section 921.0016(3)(j), Florida Statutes (1993), provides that departure from the sentencing guidelines is justified where "[t]he victim was especially vulnerable due to age or physical or mental disability."