PER CURIAM.
Appellant was convicted of escape, false imprisonment, and aggravated assault with a deadly weapon, as a result of attempting to escape from prison in May, 1994. He contends that the trial court erroneously based an upward departure sentence for escape on *131 section 921.0016(3)(o), Florida Statutes (1993), which authorizes departure for an offense committed in an attempt to escape from custody.
Appellant argues, in regard to his sentence for escape, that because the ground for departure was an element of the crime itself, it cannot be used for departure. Although that was the law, see State v. Mischler, 488 So.2d 523 (Fla.1986), the sentencing guidelines applicable to offenses committed after January 1,1994 changed that law. In Capers v. State, 678 So.2d 330 (Fla.1996), the Florida Supreme Court held that the new sentencing guidelines authorize departure based on a factor which is an inherent element of the crime, unless the guidelines specifically prohibit departure for that factor where it is an inherent element. Capers, 678 So.2d at 333. Because the guidelines do not specifically prohibit departure for escape, the trial court did not err in departing on that basis.[1]
We find the other issues raised by appellant do not merit discussion and affirm.
GLICKSTEIN, KLEIN and SHAHOOD, JJ., concur.

. Our decision in Hudson v. State, 672 So.2d 575 (Fla. 4th DCA), rev. denied, 678 So.2d 1288 (Fla. 1996), involving a defendant involved in the same escape attempt as this appellant, held to the contrary, but was prior to Capers and has been overruled by it.