714 So.2d 554 (1998)
Stanley GREENE, Appellant,
v.
STATE of Florida, Appellee.
No. 96-04490.
District Court of Appeal of Florida, Second District.
June 26, 1998.
*555 Robert J. Hoffman of Robert J. Hoffman, P.A., Largo, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Helene S. Parnes, Assistant Attorney General, Tampa, for Appellee.
ALTENBERND, Acting Chief Judge.
Stanley Greene appeals his conviction and upward departure sentence for battery and attempted false imprisonment. We affirm the trial court's orders and address two of Mr. Greene's three issues.
On March 15, 1996, Mr. Greene was living in a trailer park in Largo, Florida. He lured two six-year-old girls into his trailer by promising them candy. Once the girls were inside, he began fondling the breasts of one of the girls under her clothing. The girls attempted to leave the trailer. Mr. Greene grabbed one girl, who quickly broke free and escaped. The other girl did not escape immediately, but a woman who became aware of the incident soon entered the trailer, and removed the second child. Mr. Greene was arrested a short while later in an intoxicated condition.
The State charged Mr. Greene with two counts of battery and one count of false imprisonment. At trial, the jury rejected his intoxication defense and convicted Mr. Greene of the two counts of battery and of attempted false imprisonment as a lesser offense. His scoresheet permitted a maximum sentence of 23 months' imprisonment, but the trial court departed upward. The trial court sentenced Mr. Greene to a 5-year prison term, consecutive to two concurrent 1-year terms in the county jail on the batteries. As its reason for the departure, the trial court relied upon the statutory ground that the victims were especially vulnerable due to age. See § 921.0016(3)(j), Fla. Stat. (1995).
On appeal, Mr. Greene first challenges the trial court's decision to instruct on the lesser included offense of attempted false imprisonment. He argues that the instruction should not have been given because false imprisonment and attempted false imprisonment are both third-degree felonies. See §§ 777.04(4)(d), 787.02(2), Fla. Stat. (1995). Essentially, he argues that a lesser offense must always be lesser in degree.
We note that this issue is not preserved for appeal because Mr. Greene failed to object to this instruction during the jury instruction conference, or at any time prior to the verdict. See Chapman v. State, 677 So.2d 46 (Fla. 2d DCA 1996). Rather, the issue was first raised by defense counsel at the sentencing hearing. Thus, to be reversible error, the giving of this instruction must be fundamental error. Nevertheless, we conclude that no error occurred, fundamental or otherwise, in the giving of this instruction because the evidence supported the attempt instruction and a conviction for attempt would permit the imposition of a lesser penalty.
The supreme court has ruled that an erroneous instruction on a lesser included offense is not fundamental error when the improperly charged offense is lesser in degree and penalty than the primary offense.
*556 See Ray v. State, 403 So.2d 956 (Fla.1981).[1] Mr. Greene, shifting the logic of the opinion in Ray, argues that it is fundamental error for the trial court to instruct on attempted false imprisonment because attempt is not lesser in "degree" than false imprisonment. We disagree.
Attempt is listed as a permissive lesser offense to false imprisonment in the Schedule of Lesser Included Offenses. See Fla. Std. Jury Instr. (Crim.) 289; In re Standard Jury Instructions In Criminal Cases, 543 So.2d 1205 (Fla.1989). Certainly, there was evidence in this case to support the giving of an attempt instruction.[2]
Whether attempt was an authorized lesser instruction in a similar, but distinguishable, context was the subject of considerable debate in Nurse v. State, 658 So.2d 1074 (Fla. 3d DCA 1995), dicta receded from on other grounds, Jones v. State, 666 So.2d 960 (Fla. 3d DCA 1996). In Nurse, the court held that attempted burglary of an unoccupied structure could not be a proper lesser included offense of the charged offense of burglary of an unoccupied structure because both offenses were third-degree felonies and carried the same penalty. Id. at 1075. Although Judge Hubbart's majority opinion in Nurse presented an excellent argument, Judge Cope's dissent is also persuasive. We will not repeat those arguments in this opinion, because both the majority and dissent now appear to support our decision. This is true because Judge Hubbart's opinion emphasized the fact that third-degree burglary and attempted third-degree burglary resulted in the same penalty in 1991. As explained below, under present law, there always is a potential for a lesser penalty for any attempt, even if the completed offense and the attempt are designated by the same degree.
In Nurse, the court considered section 777.04(4)(c), Florida Statutes (1991), which provided that attempted third-degree burglary was not reduced to a first-degree misdemeanor, like other third-degree offenses of that period. Instead, attempted burglary remained a third-degree felony. In 1991, this was an unusual, if not unique, circumstance.
When Ray was decided in 1981, and until January 1, 1994, section 777.04(4) penalized all attempts, except for attempted third-degree burglary, by imposing the penalty for an offense that was one degree lower than the offense attempted. For example, an attempt to commit the third-degree felony of false imprisonment resulted in punishment for a first-degree misdemeanor. See §§ 777.04(d), 787.02(2), Fla. Stat. (1981). Thus, with the narrow exception addressed in Nurse, there was no question that an attempt was a lesser offense in both degree and penalty for virtually all crimes susceptible of attempt.
In 1993, the legislature amended chapter 777 and deleted the section discussed in Nurse. See ch. 93-406, § 4, at 1703-1704, Laws of Fla. The legislature has extensively revised both chapters 777 and 921 since the supreme court's decision in Ray in 1981. These amendments introduced the concept of an "offense level," distinct from degree, and a method of determining penalty that is tied more to offense level than to degree. See § 921.0012, Fla. Stat. (1993). After the 1993 amendments, punishment for attempt was two offense levels lower than punishment for the completed offense. See § 777.04(a), Fla. Stat. (1993).[3] An amendment in 1995 categorized attempts to commit most of the more *557 serious[4] third-degree felonies as third-degree felonies. See § 777.04(4), Fla. Stat. (1995); ch. 95-184, § 14, at 1703-1704, Laws of Fla.[5] Thus, if the "degree" language in Ray remains an accurate description of the law, it is possible that attempt is not a lesser offense for all of the more serious third-degree felonies. In that event, the narrow problem discussed in Nurse could now have far wider implications.
Even if the above-described legislative amendments did not overrule cases requiring that a lesser offense be lesser in degree, we conclude that the supreme court solved this potential problem when it promulgated Florida Rules of Criminal Procedure 3.702(d)(6), effective January 1, 1994, and 3.703(10), effective October 1, 1995. See Amendments to Florida Rules of Criminal Procedure re Sentencing Guidelines, 660 So.2d 1374 (Fla.1995). Rule 3.703(10), which applies in Mr. Greene's case, provides that attempts to commit serious third-degree felonies "shall be scored as felonies one offense level beneath the incomplete or inchoate offense." Thus, absent a valid reason for departure, the supreme court's rules provide that the maximum penalty for such an attempt is always less than the penalty for the charged offense. In light of these amendments to the statutes and rules, we hold that an instruction on attempt, as a permissive lesser offense, may be given when warranted by the evidence, so long as it results in a scoresheet by which the trial court is authorized to impose a shorter sentence or a lesser penalty than that authorized by a scoresheet for the charged offense.[6] In other words, in light of the amendments to the statutes and rules, "lesser" is usually determined by comparing the potential punishments for the offenses rather than their descriptive "degrees."
As to his second issue, Mr. Greene argues that the trial court lacked a valid reason to depart from the sentencing guidelines.[7] In departing upward, the trial court relied upon the vulnerability of the victims due to age. See § 921.0016(3)(j). There is no question that six-year-olds are far more susceptible to being lured into a residence or a car with the offer of candy than are sixteen-year-olds. In addition, Mr. Greene was more likely to succeed in his criminal activity and to avoid prosecution and conviction if he targeted very young children. There is evidence that the two girls were very frightened and confused by this episode. "Vulnerable" is defined as "open to attack" or "easily hurt." Webster's New World College Dictionary 1498 (3d ed.1996). We conclude that the trial court correctly determined that these children were "especially vulnerable" to this type of battery and false imprisonment because of their young age. We note that the offenses charged in this case do not require the victims to be young and do not take age into consideration when establishing the standard penalty, but the supreme court has authorized use of this reason for departure, even when age is a factor in the offense. See Capers v. State, 678 So.2d 330 (Fla.1996).
There are decisions stating that "advanced age alone" is an insufficient reason for departure. See Wemett v. State, 567 So.2d 882 *558 (Fla.1990); Taccariello v. State, 664 So.2d 1118 (Fla. 4th DCA 1995); Byrd v. State, 516 So.2d 107 (Fla. 4th DCA 1987); Kipping v. State, 702 So.2d 578 (Fla. 2d DCA 1997); Andrews v. State, 708 So.2d 654, 23 Fla. L. Weekly D897 (Fla. 2d DCA Apr.3, 1998). At least on the surface, the districts may appear to disagree on whether tender age alone is a sufficient reason for departure. See Cromer v. State, 514 So.2d 416 (Fla. 1st DCA 1987) (extremely young age of victim made her particularly vulnerable and was valid reason for upward departure sentence); but see Lettman v. State, 526 So.2d 207 (Fla. 4th DCA 1988) (reversing upward departure sentence based on fact murder victim was three years old). The First District has suggested that the cases holding age alone, whether old or young, is an insufficient reason for departure were overruled by section 921.0016(3)(j), the statute relied upon in this case. See Capers, 670 So.2d 967, 970-71 (Fla. 1st DCA 1995), approved, 678 So.2d 330 (Fla.1996). We conclude that the confusion arises from the word "alone." For example, in Kipping, 702 So.2d at 578, and Andrews, 708 So.2d 654, 23 Fla. L. Weekly at D897, the victims were predominantly elderly dance students, but the record did not reflect that this fact was anything other than coincidental. There was no evidence or argument that the victims were "especially vulnerable" because of age. If anything, the victims were vulnerable to the dance studio's tactics because they were lonely. Although it may be true that tender age would not automatically be a reason for departure in an attempted false imprisonment where the age of the victim was coincidental, it is a valid reason in this case because age was the factor that made the victims especially vulnerable to this particular crime. Accordingly, the trial court was not required to identify any additional reason to support its decision.
Affirmed.
BLUE, J., and YOUNG, ROBERT A., Associate Judge, concur.
NOTES
[1] The supreme court also stated in Ray v. State, 403 So.2d 956 (Fla.1981), that an erroneous instruction on a lesser included offense is not fundamental error when defense counsel requests the improper charge or relies on that charge. This proposition is not applicable to this case.
[2] It is often stated that an instruction on a permissive lesser offense is appropriate only when that offense is supported both by the evidence and the pleadings. See Jones v. State, 666 So.2d 960 (Fla. 3d DCA 1996). For the lesser offenses that Brown v. State, 206 So.2d 377 (Fla.1968), described as category 4 lessers, this is clearly correct. Brown classified attempts as category 2 lesser offenses, and did not require the information or indictment to include language describing an attempted crime. We doubt that an information or indictment charging an offense capable of attempt must contain any special language to support the giving of an attempt instruction. See Fla. Std. Jury Instr. (Crim.) 367-68.
[3] In 1995, the legislature reduced the two-offense level difference to one level. See ch. 95-184, § 14, at 1703-1704, Laws of Fla.
[4] This opinion uses "serious" as a shorthand description of third-degree felonies that now are located in offense levels 3 through 10.
[5] Although the concept of a reduction in degree has been retained in the statute, "offense level" now predicts one's sentence more accurately than "degree," and the maximum legal sentence is no longer controlled by the degree of the crime when the scoresheet permits a longer sentence. It is apparent that "degree" no longer has the same function in criminal law that it had in prior years. See § 921.001(5), .0012, Fla. Stat. (1995).
[6] This ruling is consistent with the guidelines in the Comment on Schedule of Lesser Included Offenses, which suggest:

1. No offense is deemed to be a lesser offense if it carries the same penalty as the crime under consideration. See Ray v. State, 403 So.2d 956 (Fla.1981); State v. Carpenter, 417 So.2d 986 (Fla.1982).
....
4. Except as stated above, attempts to commit crimes generally are included unless the evidence conclusively shows that the charged crime was completed.
Fla. Std. Jury Instr. (Crim.) 368.
[7] We recognize the irony in this case in that the instruction on the lesser offense was proper because it permitted the trial judge to impose a shorter sentence, but the trial judge imposed the maximum sentence allowed based upon the degree of the felony.