737 So.2d 1073 (1999)
Jimmie Lee McFADDEN, Petitioner,
v.
STATE of Florida, Respondent.
No. 94,235.
Supreme Court of Florida.
June 10, 1999.
*1074 Nancy A. Daniels, Public Defender, and Carol Ann Turner, Assistant Public Defender, Second Judicial Circuit, Tallahassee, Florida, for Petitioner
Robert A. Butterworth, Attorney General, James W. Rogers, Tallahassee Bureau Chief, Criminal Appeals, and Giselle Lylen Rivera, Assistant Attorney General, Tallahassee, Florida, for Respondent
PER CURIAM.
We have for review a decision passing upon the following question certified to be of great public importance:
WHETHER A PRIOR CONVICTION FOR FELONY PETIT THEFT CAN BE USED AS A QUALIFYING OFFENSE UNDER SECTION 775.084, FLORIDA STATUTES.
McFadden v. State, 23 Fla. L. Weekly D2341, 732 So.2d 335 (Fla. 1st DCA 1998). We have jurisdiction. Art. V, § 3(b)(4), Fla. Const.
The trial court adjudicated petitioner guilty of attempted robbery with a weapon and sentenced him as a habitual felony offender premised on his having been convicted of felony petit theft within five years of the instant conviction. On appeal, the First District was presented with the issue of "whether the trial court erred in using felony petit theft as a predicate for imposition of the habitual felony offender sentence." McFadden, 23 Fla. L. Weekly at D2341, 732 So.2d 335. The habitualization statute provides:
(1) As used in this act:
(a) "Habitual felony offender" means a defendant for whom the court may impose an extended term of imprisonment, as provided in paragraph (4)(a), if it finds that:
1. The defendant has previously been convicted of any combination of two or more felonies in this state or other qualified offenses.
2. The felony for which the defendant is to be sentenced was committed:
. . . .
b. Within 5 years of the date of the conviction of the defendant's last prior felony or other qualified offense, or within 5 years of the defendant's release from a prison sentence or other commitment imposed as a result of a prior conviction for a felony or other qualified offense, whichever is later.
3. The felony for which the defendant is to be sentenced, and one of the two prior felony convictions, is not a violation of s. 893.13 relating to the purchase or the possession of a controlled substance.

§ 775.084, Fla. Stat. (Supp.1996)(emphasis added). The First District held that felony petit theft can be used as a predicate offense to support a habitual sentence and affirmed petitioner's sentence. The court explained that "[i]n accordance with the rule that `penal statutes must be strictly construed according to their letter,' see Perkins v. State, 576 So.2d 1310, 1312 (Fla. 1991), it appears the deletion of habitual offender sentencing from the felony petit theft penalty provision should be interpreted as pertaining only to the offense then before the court for sentencing." McFadden, 23 Fla. L. Weekly at D2341, 732 So.2d 335. We agree.
Petitioner argues that it is inconsistent to use felony petit theft as a predicate offense to support habitualization while a conviction of said offense cannot result in habitualization when it is the substantive offense for which an offender is being sentenced. See Ch. 92-79, § 1, at 742, Laws of Fla. (deleting the habitualization statute from the sentencing options provided pursuant to a conviction of felony petit theft). Our contrary view is that use of felony *1075 petit theft as a predicate offense is unrelated to the inability to habitualize a defendant being sentenced pursuant to a felony petit theft conviction.
Since the legislature created only one exclusion as to the felonies that may be used as predicate offenses for habitualization in the case of convictions for the purchase or possession of controlled substances it is clear that all other felonies fall under the inclusive general rule allowing predicate use of "any" combination of felonies. See § 775.084(1)(a)3, Fla. Stat. (Supp.1996); Capers v. State, 678 So.2d 330 (Fla.1996), 678 So.2d 330; Thayer v. State, 335 So.2d 815, 817 (Fla.1976)("It is, of course, a general principle of statutory construction that the mention of one thing implies the exclusion of another; expressio unius est exclusio alterius."). Under the statutory scheme in place, therefore, it is safe to assume that the legislature did not intend that such a prohibition exist. See Capers, 678 So.2d at 332. Thus, use of felony petit theft as a predicate offense must follow the general rule under section 775.084(1)(a)1 allowing "any" felony to be used as a predicate offense. We further note that reading the statute otherwise would be contrary to legislatively determined sentencing provisions attached to substantive offenses that expressly include habitualization as a sentencing option.
Accordingly, we answer the certified question in the affirmative and approve the district court's decision.
It is so ordered.
HARDING, C.J., and SHAW, WELLS, ANSTEAD, PARIENTE, LEWIS and QUINCE, JJ., concur.