ON MOTION FOR REHEARING, REHEARING EN BANC, AND CERTIFICATION

THOMAS, J.
This cause is before us on Appellant’s motion for rehearing, rehearing en banc, and certification. We deny the motion for rehearing en banc and certification, but grant the motion for rehearing in order to *376 clarify that there was no evidence presented to demonstrate that Appellant’s university (“university’’) operated the hospital in question. Our opinion on the merits remains unchanged. Accordingly, we withdraw our opinion of May 31, 2007, and substitute this opinion in its place.
The underlying action here is a wrongful death suit alleging medical negligence by a radiologist employed by Appellant at Shands at Lake Shore, Inc. (“the hospital”). Appellant moved for change of venue, arguing that because the university used only some of its employees to provide radiology services at the hospital, and did not establish a branch campus, venue in Columbia County is inappropriate under section 768.28(1), Florida Statutes (2005). The trial court denied Appellant’s motion. On appeal, Appellees established that the university’s presence in Columbia County meets the statutory requirements; therefore, venue is proper. We affirm.
Section 768.28(1), Florida Statutes (2005), provides:
In accordance with s. 13, Art. X of the State Constitution, the state, for itself and for its agencies or subdivisions, hereby waives sovereign immunity for liability for torts, but only to the extent specified in this act. Actions at law against the state or any of its agencies or subdivisions to recover damages in tort for money damages ... may be prosecuted subject to the limitations specified in this act. Any such action may be brought in the county where the property in litigation is located or, if the affected agency or subdivision has an office in such county for the transaction of its customary business, where the cause of action accrued. However, any such action against a state university board of trustees shall be brought in the county in which that university’s main campus is located or in the county in which the cause of action accrued if the university maintains therein a substantial presence for the transaction of its customary business.
(Emphasis added.) We are asked to interpret whether the university maintains a “substantial presence for the transaction of its customary business,” which is an issue of first impression.
The plain meaning of a statute is the first and paramount consideration of statutory construction. Capers v. State, 678 So.2d 330 (Fla.1996). Only when a statute is of doubtful meaning should the courts resort to extrinsic interpretive aids. Id. We acknowledge that because this is a legislative waiver of sovereign immunity, any ambiguity must be strictly construed in favor of Appellant and against Appel-lees. See Tampa-Hillsborough County Expressway Auth. v. K.E. Morris Alignment Serv., Inc., 444 So.2d 926, 928 (Fla.1983) (“A waiver of sovereign immunity ... should be strictly construed in favor of the state and against the claimant.”). However, we find no ambiguity here.
Although the key terms in section 768.28(1), Florida Statutes, are not defined, the words have common and ordinary meanings that lead to clear and unambiguous results. See Donato v. Am. Tel. & Tel. Co., 767 So.2d 1146 (Fla.2000) (holding that where the legislature has not defined terms that it uses in a statute, the terms must be construed according to their common and ordinary meanings). If a university maintains a substantial presence in a particular county and transacts its customary business in that county, an action against that university’s board of trustees may be brought in that county under the plain language in section 768.28(1), Florida Statutes.
Appellant argues that the only way this definition can be met is if a university operates a “branch campus” in a foreign county. In support of this argument, Appellant attacks both prongs of the statute- *377 ry test. Appellant first argues that in order to prove a “substantial presence” in a particular county, the presence of the university in the foreign county must be compared to its presence in its home county. Appellant next argues that the statutory exception only applies in those counties where the university participates in all three of its “customary business” practices.[1] Because the university does not teach any students at the hospital in Columbia County, Appellant argues that it is impossible to consider that the business conducted is “customary.”
When interpreting a statute, courts are not at liberty to add words to the statute that were not placed there by the legislature. State v. J.M., 824 So.2d 105, 111 (Fla.2002). This is precisely what Appellant’s interpretation of the statute would do. The fact that the university’s contacts in the remote county may be less substantial than its contacts in its home county is irrelevant. The statute clearly provides that any “substantial” presence will qualify. The evidence presented below shows that in the years preceding the alleged negligence, the university leased a building, hired employees, billed millions of dollars in medical bills, and paid thousands of dollars to vendors in Columbia County. Therefore, we agree with the trial court’s finding that the university’s presence in the foreign county is substantial.
As to Appellant’s second argument, its interpretation of the statute again requires adding words to the statute. There is nothing in the provision that requires the university to participate in all of its various “customary businesses” in order for the exception to apply. If the legislature wanted to require this, it would have done so. This court is without power to apply such a standard on its own. See Donato, 767 So.2d at 1150-1151 (a court abrogates legislative power when it construes “an unambiguous statute in a way which would extend, modify, or limit its express terms or its reasonable and obvious implications”).
Furthermore, as Appellees point out, the legislature used the term “branch campus” in other statutes, including five provisions that were passed in the same legislative session as the language in question. See §§ 1004.26, 1004.33, 1004.34, 1005.02, and 1009.24, Fla. Stat. (2002). There is no question the legislature could have chosen that particular term again if it wanted to. Moreover, in reference to another, unrelated venue provision, this court has said, “ ‘Transaction of customary business’ means that the business transacted in the county must be a part of the corporation’s usual or ordinary business and must be continuous in the sense of being distinguishable from mere casual, occasional or isolated transactions.” Armstrong v. Times Publ’g Co., 481 So.2d 41, 42 (Fla. 1st DCA 1985) (emphasis added). The university’s business endeavors in Columbia County certainly were not mere casual, occasional, or isolated transactions, and Appellant admits that at least some of its university’s ordinary business is conducted at the hospital. Accordingly, we hold that the statutory exception applies and affirm the trial court’s denial of Appellant’s motion for change of venue.
AFFIRMED.
KAHN and POLSTON, JJ., concur.

. Appellant argues that Article IX, section 7(a) of the Florida Constitution establishes that the “customary business” of a university is "to achieve excellence through teaching students, advancing research and providing public service for the benefit of Florida’s citizens.” Ap-pellees do not dispute this premise.